WILLIAM KIRKPATRICK V. EAGLE LODGE NO. 32, AND GRAND LODGE I. O. O. F., *et al.*

1. LIBEL; *Publication, Prima Facie Privileged.* Where a report is made to the Grand Lodge of the Independent Order of Odd Fellows of Kansas, in accordance with the usual rules, regulations and customs of the order, by a member of a special committee thereof, to which was referred a petition respecting the expulsion of a member of the order from a subordinate lodge, justifying the subordinate lodge in expelling the member for perjury, and setting forth that the officers of the subordinate lodge were unanimously of the opinion that the statements sworn to by such member in a petition presented by him to the Grand Lodge, were all infamously untrue, is received and adopted by the lodge in the usual course of its business, and thereafter is printed and published in a pamphlet entitled "The Grand Lodge Journal, 1873," in connection with the general and ordinary transactions of the lodge, and in the usual manner of printing and publishing the journal of the records and proceedings of the lodge, for the use of the members of the order, such publication is *prima facie* privileged. In such a case the occasion and manner of the publication prevent the inference of malice, which the law draws from unauthorized communications, and afford a qualified defense, depending upon the absence of actual malice.

2. PETITION FOR LIBEL; *Burden of Proof.* Where a petition alleges that the defendant published a false and malicious libel concerning the plaintiff, setting it out, from which it appears to be *prima facie* privileged, as a report to a grand lodge of Odd Fellows justifying a subordinate lodge in expelling a member for perjury, it is not bad on objection to the introduction of evidence, but the burden of proof upon the trial, as to whether the defendant was actuated by actual malice, is upon the plaintiff. If the plaintiff gives no evidence of express malice under the allegations of such a petition, the defendant is entitled to a verdict.

*Error from Jefferson District Court.*

ACTION brought by *Kirkpatrick* against *Eagle Lodge No. 32*, of the Independent Order of Odd Fellows of Kansas, and

109 others, to recover damages for an alleged libel. Trial at the June Term, 1878, of the district court, and judgment for the defendants for costs. The plaintiff brings the case here. The opinion states the facts.

*Thomas P. Fenlon,* for plaintiff in error:

In the petition is a distinct and specific allegation that the plaintiff was wrongfully expelled from the lodge, on a false and malicious charge of perjury — this for the purposes of the petition must be taken as true; a specific allegation that the defendants knew this was true, yet notwithstanding they knew it was true that he had been expelled wrongfully and on a false and malicious charge of perjury, and intending to injure plaintiff, defendants did falsely, wickedly and maliciously print and publish, and cause to be printed and published, the libelous article. Unless there be something which in law exempts this character of publication from ordinary publications, and saves harmless the authors and publishers of the same, it is difficult for us to see why the allegations of the petition do not properly charge a libel, and the petition therefore state facts sufficient to constitute a cause of action. We are not aware of any law in this state which permits an Odd Fellows' lodge to do what is charged to have been done in this case — *to falsely, wickedly and maliciously* publish a *false, malicious* and *libelous* article about and concerning any citizen, whether a brother member or not. This charge imputes *a crime, a felony,* a libel *per se.* The plaintiff says the charge is false, that the defendants knew it was false, and so knowing wickedly and maliciously did print and publish it in the "*Grand Lodge Journal, 1873.*" If there is anything so sacred in the nature of the Grand Lodge Journal, 1873, or the Grand Lodge itself, or Eagle Lodge No. 32, that any one of them may publish, of and concerning a citizen of this state, that which imputes to and charges on him the commission of an infamous crime, they knowing the charge to be false, and still so knowing, publish the same with malicious motives, and yet be shielded by the law, we have been unable to discover that law or that peculiar

25 — 26 KAS.

sanctity, which for some inscrutable purpose seems to have been held to preserve them harmless. But there are many defendants in this case who are only common, ordinary mortals, natural persons, who are not lodges or corporations — creations of God, and not mechanisms of human legislation — and who are not shielded in their wrong doings by that "divinity which doth hedge a king." This plaintiff humbly submits that when he has charged that these several individuals, who can claim no special exemption, have *falsely* and *maliciously* published him as guilty of an *infamous crime*, he has stated facts which constitute a right under the beneficent laws of Kansas, in him, to make such persons respond to him in damages.

We cannot quote authorities in this case; we can only possibly exhibit a wanton disregard or want of knowledge when we repeat that, when the plaintiff in his petition alleges that defendants *falsely* and *maliciously* published him as guilty of an *infamous crime*, we can see no reason why the plaintiff was not permitted to prove said allegations.

*John Martin*, and *John W. Day*, for defendants in error:

The real question to be considered in this case is, whether the report made to the Grand Lodge by George W. Martin, its special committee, in respect to the memorial or petition of Kirkpatrick, is to be treated as a privileged communication. We insist that it is. As to whether it is or not, depends upon the relations of the parties, and the circumstances and conditions under which the supposed libelous words were uttered and published. The circumstances and relations of the parties utterly forbid the supposition or presumption of malice, and it is the duty of the court to so declare the law; and unless the circumstances and relations of the parties, as shown by the allegations of the petition, are such as to support the theory of malice, then the communication is clearly privileged. (Heard on Libel and Slander, p. 115, § 84; 3 How. [U. S.] 266.) In Cooley on Torts, p. 211, privileged cases are classified as follows:

"1. Cases absolutely privileged, so that no action will lie, even though it be averred that the injurious publication was both false and malicious.

"2. Cases privileged, but only to this extent: That the circumstances are held to preclude any presumption of malice, but still leave the party responsible if both falsehood and malice are affirmatively shown."

This, we take it, means that the petition must contain allegations of such extrinsic facts as affirmatively show both falsehood and malice; and evidence to prove such facts cannot be introduced in the absence of such allegations in the petition. Among the latter cases the learned writer classes those in which the utterance or publication is on a lawful occasion, which fully protects it, unless the occasion has been abused to gratify malice or ill-will; and in this class the learned author includes "all communications by members of corporate bodies, churches, and other voluntary societies, addressed to the body, or any officials thereof, and stating facts which, if true, it is proper should be thus communicated." (Cooley on Torts, 215. See also 1 Denio, 492; 16 N. Y. 369; 17 id. 190; 37 id. 477; 1 B. Mon. 166; 9 Bush, 297; 5 Cush. 412; 2 Wait's Actions and Defenses, 257; Hilliard on Torts, 355.)

Was the publication of said report and proceedings in the "Grand Lodge Journal," together with all the other proceedings of the Grand Lodge, for the use of members of the order, even though it might reach others, or the general public, equally privileged? We claim that it is. Independently of the question of such publication coming within the rule of privileged communications, the defendants had the right to publish all that they had reasonable and probable cause to believe necessary to protect their persons, their property or their reputation, or the property or reputation of the defendant lodges, or the order represented by them, from loss or injury. (Townshend on Slander and Libel, p. 393, § 240. See also 5 Cush. 412; 51 Vt. 501, 519; 7 Gray, 301, 313; 3 B. & S. 709; Law Rep. 4 Q. B. 73, 260; 1 id. 686, 699; Law Rep. 3 C. P. 319; 15 Barb. 105.)

Does the publication complained of import any libel for

which an action will lie? It should be borne in mind that the publication charged in the plaintiff's petition to be libelous had reference to and was made concerning a particular transaction, viz., the expulsion of Kirkpatrick from membership in Eagle Lodge, on a charge of perjury in verifying the statements contained in his former petition to the Grand Lodge, in which is also involved the truthfulness or falsity of the statements contained in his sworn memorial. That some of the words may be actionable in themselves is not sufficient; they must be actionable as applied or used, or not at all. The oath administered in verification of said petition was wholly and clearly extrajudicial, and was not done before a court of competent jurisdiction upon a subject which was important to the issue of any trial. In *Shaffer v. Kintzer*, 1 Binn. 537, it was adjudged to be no slander to say of a man that he had sworn falsely, the *colloquium* being of an extrajudicial affidavit before a justice of the peace. (See also Tappan's Ohio Rep. 275; 13 Vt. 42; 14 id. 462; 1 Johns. 505; 2 id. 10; 1 Cai. 347; 2 Bulst. 150; Yelv. 28.)

The opinion of the court was delivered by

HORTON, C. J.: Upon the trial of this cause, the defendants in error objected to any evidence under the petition, on the ground that it does not state facts sufficient to constitute a cause of action. The court sustained the objection, and judgment was rendered against plaintiff for costs. The only question in this case is, whether such ruling and judgment are correct. The substance of the petition is that the Eagle Lodge No. 32, of the Independent Order of Odd Fellows, and the Grand Lodge of the Independent Order of Odd Fellows of Kansas, are private corporations, duly organized under the laws of the state; that the plaintiff was of good character, and had been admitted a member of the Eagle Lodge; that he had at all times conducted himself as a faithful Odd Fellow, and an honest, truthful and upright citizen, and had never been guilty, or suspected to have been guilty, of any infamous lie, falsehood or perjury;

Statement
of facts.

that plaintiff had filed at one time his petition in the Grand Lodge, complaining of the doings and proceedings of Eagle Lodge, and asking that the Grand Lodge take such action thereon as the justice of the case might require, which petition plaintiff had verified by his own affidavit annexed thereto; that afterward the Eagle Lodge summarily and wrongfully expelled the plaintiff from its membership on a false and malicious charge of perjury preferred against plaintiff in the Eagle Lodge, in his having verified his petition to the Grand Lodge, making complaints against the Eagle Lodge; that the defendants, well knowing the premises, and maliciously intending and contriving to injure him in his character and reputation as a citizen and Odd Fellow, and maliciously intending and contriving to bring him into public scandal, infamy and disgrace among his neighbors, the citizens of the state, and all good Odd Fellows, did, on the 16th day of October, 1873, in Jefferson county, and at other times and places, falsely, wickedly and maliciously print and publish, and cause to be printed and published in a certain paper, book or pamphlet, having the title, "Grand Lodge Journal, 1873," indorsed on the back thereof, a certain false, malicious and libelous matter, to wit:

"G. W. Martin, from the special committee on the memorial of William Kirkpatrick (meaning plaintiff), submitted the following report, which was unanimously adopted:

"*To the R. W. Grand Lodge, Kansas, I. O. O. F.:*

. . . "'Your committee, to which was referred the petition of William Kirkpatrick, . . . to have set aside certain action of Eagle Lodge No. 32, have had the same under consideration, and having visited Eagle Lodge No. 32, by your orders, to examine into the grievances of said Kirkpatrick, I am prepared to say that his . . . expulsion on the charge of perjury, from which he appealed, was well merited. On the occasion of that visit I carefully examined the brethren present, including the noble grand of the lodge at the time of Kirkpatrick's first trial, the chairman of the committee charged with the register of evidence, the sitting past grand who appeared on behalf of the lodge, and the brother who defended the accused.

. . . They were unanimous in the expression that the statements concerning said trial, sworn to by Kirkpatrick, and presented at your last session, are all infamously untrue, . . . hence the expulsion for perjury. The testimony on charges in the first case being scattered and lost, I would recommend that the petition be not entered, and that in justice to said Eagle Lodge, it be not spread upon the minutes.

"Respectfully submitted.             GEO. W. MARTIN."

That by the means thereof, the plaintiff has been greatly injured in his good name and reputation, to the damage of $20,000.

We think that the publication complained of imported a libel, for which an action would lie, unless the publication was privileged under the law. The publication was clearly of a character to injure the plaintiff among his neighbors and citizens of the state, and bring "his private character, and the plaintiff himself, into contempt and disgrace with all honest men." (*Russell v. Anthony*, 21 Kas. 450; *Lansing v. Carpenter*, 9 Wis. 541; 1 Hill on Torts, p. 237, § 13.) Counsel for defendants refer to cases, that to say of a man, he has sworn falsely, is not actionable. These do not apply. Many charges, which if merely spoken of another would not sustain an action for slander, will, if printed and published, sustain an action for libel. The principal question in the case is, "whether the publication is absolutely privileged, or only conditionally privileged." In brief, can it be said that upon the allegations of the petition no action will lie? Cooley on Torts, p. 211, classifies privileged cases as follows:

"1. Cases absolutely privileged, so that no action will lie, even though it be averred that the injurious publication was both false and malicious.

2. Cases privileged, but only to this extent: That the circumstances are held to preclude any presumption of malice, but still leave the party responsible if both falsehood and malice are affirmatively shown."

Under the head of cases absolutely privileged are cited: The testimony of witnesses in judicial proceedings; the language of jurors spoken to their fellows in consultations of the jury room, concerning the proper subject-matter of their deliberations; the case of a party presenting his cause to the court or jury, or of counsel standing in his place doing the same; words spoken in the course of judicial proceedings, though they are such as impute crime to another, when applicable and pertinent to the subject of the inquiry; the speech or debate of a legislator; the official utterances of the executive of the nation and the governors of the several states;

the orders of judges of courts, and judicial officers while acting within the limits of their jurisdiction; the pleadings and other papers filed by parties in the course of judicial proceedings, so long as they do not wander from what is material to libel parties; so, affidavits made for commencing proceedings before magistrates, and the preliminary proceedings, and information taken or given for bringing supposed guilty parties to justice.

Under the classification of cases only conditionally privileged, "are those in which the utterance or publication is on a lawful occasion, which fully protects it, unless the occasion has been abused to gratify malice or ill-will; a petition to the executive, or other appointing power, in favor of an applicant for an office, or a remonstrance against such an applicant, is a publication thus privileged. No action will lie for false statements contained in it, unless it be shown that it was both false and malicious; and this rule will apply to petitions, applications and remonstrances of all sorts, addressed by the citizen to any officer or official body, asking what such officer or body may lawfully grant, or remonstrating against anything which it might lawfully withhold. It is a necessary part of the right of petition that such paper, presented in good faith, should be protected, and it is privileged while being circulated, as well as after it is presented. All official communications made by an officer in the discharge of a public duty are under the like protection; so are communications by members of corporate bodies, churches and other voluntary societies, addressed to the body, or any official thereof, and stating facts, which if true, it is proper should be thus communicated."

Under this classification, which is fully sustained by the authorities, the publication complained of is only conditionally privileged, and as the averments in the petition are, that the injurious publication is false and malicious, and that the defendants, well knowing its falsity, maliciously published it for the purpose of bringing the plaintiff into public scandal, infamy and disgrace, the

1. Publication, prima facie privileged.

petition states a cause of action; but no recovery can be had thereon without proof of express malice on the part of the defendants, though the charge imputed in the publication be without foundation. The authorities upon cases conditionally privileged are fully collated in *Shurtleff v. Stevens,* 51 Vt. 501. In the publication of an unauthorized communication, where the words charged are sufficient in themselves to sustain an action for libel, the plaintiff need only prove the publication. It devolves then upon the defendant to show by evidence that the words are true, or were published under such circumstances as not to be of an injurious nature. If words in themselves are actionable, and the publication not privileged, malicious intent in publishing them is an inference of law, and therefore needs no proof. But where the circumstances of the speaking and publishing are conditionally privileged — that is, where the circumstances of such publication are such as to repel the inference of malice, and exclude any liability of the defendant, unless upon proof of actual malice, the plaintiff must furnish such proof; and this is the rule that must govern here. (*How v. Bodman,* 1 H. 528; *Dial v. Holter,* 6 Ohio St. 228.)

2. Burden of proof.

The judgment of the district court must be reversed, and the case remanded.

All the Justices concurring.