EVA M. MUELLER V. W. S. RADEBAUGH.

No. 15,748.   (99 Pac. 612.)

SYLLABUS BY THE COURT.

1. SLANDER — *Privileged Communication.* A communication to an officer of the law charging a person with a crime, made in an honest effort to recover stolen property and for the purpose of detecting and punishing the criminal, is privileged.

2. ―――― *Absence of Malice—Privileged Communication—Demurrer to Evidence.* In an action for slander based upon such communication, where there is no evidence of malice, a demurrer to the evidence is rightly sustained.

3. LIBEL—*Evidence.* The publication in a newspaper of a notice that property has been stolen and offering a reward for information leading to the conviction of the guilty persons, which refers to no particular person as guilty, is not libelous; and, where such article contains no ambiguous expressions or insinuations which require extraneous testimony to explain, the matter can not be rendered libelous by proof that persons who were familiar with other facts understood the article to refer to plaintiff.

Error from Stafford district court; JERMAIN W. BRINCKERHOFF, judge. Opinion filed January 12, 1909. Affirmed.

*Paul R. Nagle,* and *T. W. Moseley,* for plaintiff in error.

*F. F. Prigg,* and *C. M. Williams,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: This was an action for slander and libel. The court sustained a demurrer to the evidence offered in support of the first and second causes of action. These were based upon communications had by the defendant with one Joseph Brown, who was a deputy sheriff. From the evidence it appeared that the communications of defendant were made to Brown as an officer of the law, in an honest attempt by the defendant

to recover his stolen property and discover the parties guilty of the theft. The trial court properly held that the conversations with the officer with reference to the matter were privileged. (*Shinglemeyer v. Wright,* 124 Mich. 230, 82 N. W. 887, 50 L. R. A. 129; *Eames v. Whittaker,* 123 Mass. 342; *Brow v. Hathaway,* 95 Mass. 239; Newell, Slander & Libel, 2d ed., 423; 25 Cyc. 391). As there was no evidence of malice, the demurrer was rightly sustained. (*Kirkpatrick v. Eagle Lodge,* 26 Kan. 384, 40 Am. Rep. 316; *Redgate v. Roush,* 61 Kan. 480, 485, 59 Pac. 1050, 48 L. R. A. 236.)

On the third cause of action the jury found for defendant, and plaintiff claims error in the admission of testimony and in the instructions. This cause of action is based upon an alleged libel in the publication of the following article in a local newspaper:

"RADEBAUGH'S STORE ROBBED.

"MANY PATTERNS OF SILKS AND SATINS TAKEN SATURDAY EVENING JUST BEFORE THE STORE CLOSED.

"I will pay a reward of $25 for information leading to the arrest and conviction of the parties who stole from my store, last Saturday, December the 22d, between fifty and seventy-five pieces of silks and satins.

"The goods were stolen between 7 and 9 o'clock in the evening, and consisted of silks and satins sold by the yard and in shirt-waist patterns. . . . I will make a special request to every person in this county that receives a Christmas or New Year's present, or any time during the next year, any silks of any kind or length, or satins or shirt-waist patterns, to please bring such goods to my store and let me see the goods. If every one will aid in this matter, we will have all those parties under arrest before Saturday night.

"This was a bold robbery and done by parties who are experts in the business.     W. S. RADEBAUGH."

The petition alleged that the article was published of and concerning the plaintiff, and the main contention is that the court erred in refusing to permit a number of witnesses to testify as to whom they understood the article referred when they read it. The general rule is

that it is for the jury to say what person the alleged defamatory words referred to. This doctrine is laid down in the second edition of Newell on Slander and Libel, at page 767, as follows: "But witnesses can not be called upon to state to whom they understood the defamatory matter to refer." There is some conflict in the authorities upon the question, and there may be circumstances under which evidence of this character may be admitted. No such circumstances are shown here.

Moreover, from our view of the case the decision of the question becomes unnecessary. There is nothing in the article itself that can be called libelous. It appears on its face to have been published in a *bona fide* effort by the defendant to recover his stolen property and to bring to justice the guilty persons. There is not a word of the evidence which in our opinion tends to contradict this. This is not a case where a libelous charge is imputed by insinuations or equivocal expressions which require extraneous testimony to explain. Not only does the article make no reference by description or circumstances which would tend to identify the plaintiff, but there is nothing in the language which would lead the casual reader to suppose that defendant had any person in view as guilty of the crime. It is like the every-day occurrence of offers of reward for stolen property. It accuses none but the guilty persons, whoever they may be.

The persons whose understanding of the article was sought to be shown were acquainted with the fact that the defendant had suspected the plaintiff of taking the goods. From the knowledge of these circumstances it is claimed that they understood the article to refer to the plaintiff. But they might have been mistaken notwithstanding their knowledge of the extraneous facts. There is nothing in the article which justified them in assuming that it referred to the plaintiff. The defendant might have suspected the plaintiff at one time and

then become satisfied of her innocence and published the article in the best of faith.

. The plaintiff would hardly contend that she was known to be the only person in that county in the habit of giving Christmas presents, or that she was known to be the only person liable to make presents of silks or shirt-waist patterns; and otherwise no one would understand that the article referred to her. No error, therefore, can be predicated upon any ruling of the court with respect to the third cause of action.

The judgment is affirmed.