No. 21,366.

LON GREGORY, *Appellee*, v. WILLIAM NELSON, *Appellant*.

SYLLABUS BY THE COURT.

1. SLANDER—*Words Imputing Crime—Stating Grounds for Belief No Defense.* One who makes an imputation that another has committed larceny, or an offense involving moral turpitude, which is not true nor privileged, cannot escape liability for the slander by stating in connection with it the facts or information upon which his belief or opinion of guilt is based.

2. SAME—*Erroneous Instruction—New Trial.* On an examination of the record it is held that an instruction in conflict with the rule stated in paragraph 1 has not been rendered immaterial error by the special findings returned by the jury.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed June 8, 1918. Affirmed.

*R. L. Holmes, Charles G. Yankey, W. E. Holmes,* and *John W. Adams,* all of Wichita, for the appellant.

*Fred Stanley, Claude C. Stanley,* and *Benjamin F. Hegler,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover damages for slander. The general verdict and special findings of the jury were in defendant's favor. The defendant appeals from the order of the trial court granting plaintiff a new trial, which was made upon the sole ground that one of the instructions was erroneous.

The petition set forth certain statements alleged to have been made by defendant to several persons falsely accusing plaintiff of having committed unlawful and criminal acts against defendant's property. Defendant's answer was a general denial, and he further alleged that unlawful acts were in fact committed against his property; that he consulted with the county attorney, who directed him to make an investigation as to who committed the acts; that if defendant made any of the statements or statements similar to those charged in the petition, they were privileged communications, spoken only to those in the employ of or assisting defendant, and were made to carry out the instructions of the county attorney and in an honest effort, without malice, to determine who had committed the wrongs and crimes referred to. The facts as found by the jury were that defendant's engine was moved and damaged, some feed burned, a horse killed, a cow stolen, and a water tank punctured with shot; that as soon as these depredations commenced, and from time to time thereafter, he consulted with the county attorney, and was advised by him to ascertain and secure evidence against the guilty parties, and to use his friends or employ detectives for that purpose; that defendant undertook to carry out the county attorney's instructions, and in so doing made the statements complained of, without any malicious purpose to injure plaintiff. The instruction complained of was, that if defendant's property was destroyed as alleged, and thereafter he went to the persons mentioned in the petition and—

"did without malice or the intent to falsely accuse plaintiff, state to such persons truthfully all of the facts and information which the defendant had in his possession and did recite all such facts and state or make it fairly appear from his statement that he, the defendant, was merely giving his opinion or suspicions that the plaintiff was guilty of

the acts charged because it was his conclusion from the facts recited that the plaintiff was guilty, then the utterance of such alleged slanderous words could not be the basis of a cause of action for slander. Under such circumstances the persons hearing such words would have no right to believe that defendant charged plaintiff with such acts, but merely that it was defendant's opinion that such facts indicated or showed that the plaintiff was guilty of the acts charged. The effect of this would not be the charging plaintiff with the commission of such acts, but merely that these facts led defendant's mind to this conclusion."

The court rightfully concluded that the instruction incorrectly stated the law applicable to the case. It conveys the idea that one may charge another with a felony of which he is not guilty without liability, if in connection with it he states the facts and information in his possession, and if he makes it appear that his opinion as to the guilt of the accused is based upon the facts stated. Here there was no attempt to allege or prove the truth of the criminal charges which had been made against plaintiff, and the presumption must be that they were untrue. Charges of criminal acts such as are alleged in the petition are of themselves actionable and *prima facie* imply malice. One who makes a false charge of larceny or other crime of that grade against another cannot escape responsibility by the mere statement of the grounds of his opinion. An untrue imputation of crime not privileged is actionable, and one who makes it should be sure that his charge is based upon reliable information and upon sufficient facts. Nothing is said in the instruction as to the extent of the defendant's knowledge or the sufficiency of the facts upon which he based his charge of guilt. The effect of a slanderous charge based upon insufficient information may be as injurious to the reputation and standing of the accused as if it were founded on good and sufficient grounds. The defendant cannot defeat the action or escape the consequences of a slanderous charge by showing that he did not intend to make the charge which he in fact made, nor can he avoid liability for the false imputation of crime by the fact that it is an expression of opinion. (*Johnson v. St. Louis Dispatch Co.*, 2 Mo. App. 565; *Gendron v. St. Pierre*, 73 N. H. 419; 25 Cyc. 360, 361.) If infamous and false charges might be preferred and justified by the mere statement of the facts upon which the author based his opinion, there would be little redress for

slander and injuries to reputation and character. The remedy would be of little benefit if one might falsely charge another with larceny by adding that he based his charge on the fact that he found tracks leading from the place where the property was kept to the home of the party charged, or that he found tracks which appeared to be made with shoes of the size worn by such party. If the slanderous words used are calculated to induce the auditors to think the person charged has committed the crime, the injury has been inflicted, and the author is liable. Of course, if the statement in its entirety shows that no crime was committed, as if it had been said that a person had killed one whom the auditors knew was living, or if there is an imputation of a crime of which a person could not be guilty, and of which one hearing the statement must know that he could not by any possibility be guilty, no action would lie. (Newell on Slander and Libel, 3d ed., p. 129.) To sustain the instruction the defendant refers to the rule stated in 25 Cyc. 298:

"Although the words spoken amount of themselves to a charge of larceny, yet if accompanied with a specification of acts upon which the charge is based, which show that no such crime was committed, the person of whom the words were spoken has no cause of action."

That rule applies to cases where all the alleged slanderous words taken together show that the act characterized as a crime was not in fact a crime, and is wholly inapplicable to cases where the statement specifically imputes a crime and where the author fortifies the statement with a recital of the facts which led him to make the charge.

It is further contended that the special findings of the jury rendered the error in the instructions immaterial. The jury found, in effect, that the property of defendant was lost and destroyed as alleged; that he had consulted the county attorney in respect to the loss and injury, and on his advice had endeavored through detectives to ascertain who were the guilty parties; and that the statements concerning plaintiff were made in an honest effort to carry out the instructions of the county attorney. The defendant had pleaded the matter of privilege in his answer, but that defense was not submitted to the consideration of the jury, and it does not appear that the defendant requested an instruction on the subject. It is true,

as defendant contends, that it is the duty of every one to assist in the detection of crime, and to that end he should communicate to the proper officer what he knows regarding the commission of a crime. (*Mueller v. Radebaugh;* 79 Kan. 306, 99 Pac. 612.) Statements in themselves slanderous are protected as privileged if made in good faith in prosecuting an inquiry into a suspected crime. In this case there was testimony that the defendant uttered the slanderous words to a number of persons other than the county attorney and did not at the time of such utterance question them as to their knowledge of the commission of the crime or as to who might have committed the offense. Whether the defendant had acted in excess of the privilege which the law accords was a question in the case, and, as we have seen, the law relating to privilege was not given to the jury. Instead of submitting that defense, the court instructed the jury that if the defendant uttered and published the statements charging the plaintiff with having committed a crime, the utterance of such statement constituted slander *per se* and that they should find against the defendant. In the same connection the jury were instructed that the defendant had failed to allege or prove any justification for the slanderous words, if they were in fact uttered. The jury might have returned very different findings if the law of privilege had been stated and if the erroneous instruction had not been given. Because of the erroneous instruction the trial court properly granted a new trial, and its judgment is affirmed.