No. 35,223

CLAUDE E. SOWERS, *Appellant,* v. BERT C. WELLS, *Appellee* and *Cross-appellant.*

(114 P. 2d 828)

Opinion filed July 5, 1941.

*Clarence R. Sowers,* of Wichita, for the appellant.

*William J. Wertz, Vincent F. Hiebsch* and *Milton Zacharias,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for an alleged slander. The jury answered special questions and returned a general verdict for plaintiff. Defendant moved to set aside answers to some of the special questions and the general verdict on the ground that they were not supported by the evidence, and were contrary to the evidence, and that judgment be rendered for defendant. This motion was overruled. Defendant also moved for a new trial upon all the statutory grounds. The court granted a new trial upon one ground only, which was stated. Both parties have appealed. The plaintiff

has appealed from the order granting the new trial upon the ground stated, and defendant has appealed from the order overruling his motion for judgment.

In addition to formal matters, plaintiff in his petition alleged that he had been admitted to practice law in all the courts of this state and was engaged in the practice of law on the evening of July 5, 1938, when the defendant, in the presence of the mayor of the city of Wichita and the city commissioners, city attorney and city clerk and one Harry Wisdom, "without provocation, did make, publish, slander and maliciously speak of and concerning the plaintiff the following *false and untrue* words of and concerning this plaintiff's profession and avocation, to wit: 'I have plenty on you,' 'I know all about you,' 'I can put you where you belong,' 'We got your record over there' (meaning the police department), 'All you have been doing is defending a bunch of crooks and poor hoodlums,' all of which caused the plaintiff public humiliation and embarrassment," to his damage in a sum stated, for which he prayed judgment. The defendant's answer admitted formal allegations of the petition, alleged that it failed to state facts sufficient to constitute a cause of action, denied the material allegations of the petition, and alleged in the alternative if the statements or any of them were made as alleged in the petition, such statements *were in fact true;* and further alleged that if any of such statments were made under the conditions set out in the petition that they were privileged in that defendant was the duly appointed, qualified and acting city manager of the city of Wichita; that at the time in question he was sitting with the board of commissioners of the city in a regular meeting, at which the board was hearing evidence and statements on a claim made by the plaintiff, representing one Harry Wisdom, for damages against the city; that the defendant as such city manager, sitting with the board of commissioners as a public officer, was under obligation to disclose to the commission his opinion on all matters relevant to the matter then being considered by the board, and if such statements were made as alleged they were relevant to the matter under consideration and were either absolutely or conditionally privileged. Among the instructions given by the court to the jury was the following:

"You are instructed that it is admitted that on the evening of July 5, 1938, the board of commissioners of the city of Wichita and the defendant, then city manager of the city of Wichita, were conducting a hearing upon a claim for damages against the city, which was required by law to be thus presented prior to the institution of suit, by the plaintiff as attorney. That upon such

an occasion it was the duty of the city manager, who by law is responsible for the administration of all the affairs of the city, to advise with the city commission upon all matters properly before the commission. In this connection you are instructed that the statements in question, made by the city manager, are conditionally privileged under the circumstances and present an absolute defense to this action, unless the plaintiff proves that the defendant's statements were uttered maliciously and with actual evil-mindedness and not out of a sense of duty. The burden is upon the plaintiff to prove the existence of such malicious intent and evil-mindedness by showing recklessness in making the charge, pernicious activity in circulating and repeating it, *its falsity,* the situation and relations of the parties, the facts and circumstances surrounding the publication and by other evidence appropriate to a charge of bad motive. Unless you find that the plaintiff has sustained this burden, then your verdict must be for the defendant." (Italics, where used, are ours.)

Answering special questions, the jury found that at the time in question defendant stated of and concerning the plaintiff, " 'All you have been doing is defending a bunch of crooks and poor hoodlums,' or words to that effect"; that he did not make the statement with the honest belief that it was true; that the words were spoken maliciously and with actual evil-mindedness; that they caused plaintiff public humiliation and embarrassment, to his damage in the sum of $3,250, for which a general verdict was rendered.

The trial court granted a new trial "upon the sole ground that plaintiff failed to prove the falsity of the alleged slanderous statement." The ruling is an anomalous one. Plaintiff had alleged that the statement was false. The court had instructed the jury that the burden was upon plaintiff to prove the falsity of the statement. No objection had been made to that instruction when it was given, or later in the trial court; hence it became the law of the case. (*Burns v. Hunter,* 126 Kan. 736, 271 Pac. 398; *Montague v. Burgerhoff,* 152 Kan. 124, 128, 102 P. 2d 1031.) An order granting a new trial because the prevailing party produced no evidence upon an essential element of his case is erroneous and cannot stand.

Plaintiff, as appellant here, argues that he was not required to prove the falsity of the alleged slanderous statement, and in support of that contention cites *Russell v. Anthony,* 21 Kan. 450. Obviously this is an afterthought. The record does not disclose that contention ever was made in the trial court. Indeed, the case was tried upon the theory that plaintiff had the burden of proving the falsity of the statement. Passing that thought, the contention is not well taken. There is a general rule to the effect that since all persons are presumed to be honest, moral and of good character, a statement

which reflects upon their good character is presumed to be false. This statement in its general terms finds support in *Russell v. Anthony*, supra; also, in *Conrad v. Roberts*, 95 Kan. 180, 147 Pac. 795. However, by the same reasoning one charged with a libel or slander is clothed with a somewhat similar presumption, namely, normally one does not falsely accuse another. The presumption that the alleged slanderous statement was false is only prima facie and does not require a great deal to put the burden of proof of the falsity of the statement upon the one who charges it to be false, and the ruling does not obtain at all where the slanderous statement is made under circumstances that it is totally or conditionally privileged. (*Kirkpatrick v. Eagle Lodge*, 26 Kan. 384; *Redgate v. Roush*, 61 Kan. 480, 59 Pac. 1050.)

In *Coleman v. MacLennan*, 78 Kan. 711, 741, 98 Pac. 281, after an extended discussion upon this and other questions involved in the case, the court used the following language:

"If the occasion be absolutely privileged, there can be no recovery. If it be conditionally privileged, the plaintiff must prove malice—actual evil-mindedness—or fail. When it comes to this proof there is no presumption absolute or otherwise, attaching to a charge of crime. The proof is made from an interpretation of the writing, its malignity or intemperance, by showing recklessness in making the charge, pernicious activity in circulating or repeating it, *its falsity*, the situation and relations of the parties, the facts and circumstances surrounding the publication, and by other evidence appropriate to a charge of bad motives, as in other cases."

In giving the instruction above quoted it appears the trial court followed the language just quoted from this opinion. As previously noted, there was no objection to this instruction by the plaintiff at any time in the trial court.

This brings us to defendant's appeal. He argues: Since plaintiff was properly required under the court's instructions to produce evidence of the falsity of the words the jury found he used, and since no such evidence was offered, the general verdict of the jury is not supported by evidence and cannot stand. The point is well taken. On behalf of defendant, as appellant here, it is further argued that the words found by the jury to have been used by defendant are not actionable. This point is well taken. The words found by the jury to have been used do not charge the plaintiff with crime, immorality, or professional misconduct. The most they can be said to have done is to classify his clientele. "Crooks and poor hoodlums" frequently need and are entitled to have the services of an attorney. It is not

charged by the words found to have been used that plaintiff did not represent them capably and ethically. Defendant's motion for judgment notwithstanding the general verdict should have been sustained.

The judgment of the court below is reversed with directions to enter judgment for defendant.