No. 35,285

James Edgar Bair, *Appellant,* v. John Plummer, Revived in the Name of Paul E. Plummer, as Administrator of the Estate of John Plummer, Deceased, *Appellee.*

(118 P. 2d 566)

Opinion filed November 8, 1941.

*Hubert M. Voigt,* of Sublette, *Charles E. Sabin* and *Robert R. Sabin,* both of La Junta, Colo., for the appellant.

*Wm. Easton Hutchison, C. E. Vance* and *A. M. Fleming,* all of Garden City, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action to recover damages for personal injuries sustained in an automobile accident, and from an adverse judgment the plaintiff appeals, assigning as error the rulings of the trial court excluding certain evidence offered by the plaintiff and the refusal of the trial court to give certain instructions to the jury as requested by the plaintiff.

The pleadings may be summarized. In his petition plaintiff alleged that he was a resident of La Junta, Colo., and on February 18, 1939, with his two sons and a daughter-in-law, was proceeding south along state highway No. 83 in Haskell county, Kansas, just north of the point where it meets state highway No. 160 which extends to the west, and where it meets a county road which extends to the east; that upon the county road was a stop sign directing persons driving on the county road to stop before entering highway No. 83; that plaintiff was proceeding south on highway No. 83 and

the defendant, John Plummer, coming from the east on the county road, did not stop but drove onto highway No. 83 at a time too late for plaintiff to stop his car; that a collision resulted, due to defendant's negligence. Details of the accident and of plaintiff's injuries need not be noticed. After the petition was filed defendant Plummer died, and the action was revived against his administrator, who answered admitting the accident occurred and that plaintiff was injured, and denying generally the allegations of the petition inconsistent with the allegations of the answer, which were that the plaintiff and his sons were engaged in a joint enterprise and that plaintiff's injuries were due to his own negligence and not due to any negligence or want of care of the defendant Plummer; that after the accident plaintiff and defendant, John Plummer, each claimed the other was responsible for the accident, and by way of compromise and settlement, John Plummer paid to plaintiff and the other occupants of the car in which plaintiff was riding, and to their attorney, the sum of $425, and took in exchange a written release, a copy of which was attached. This release was signed by the plaintiff and the other occupants of the car in which he was riding, was witnessed by defendant's attorney and approved by plaintiff's attorney, and stated that in consideration of the sum of $425 they released and completely discharged John Plummer "from any and all liability now accrued or that may hereafter accrue to any or all of the undersigned, growing out of a certain accident" occurring between the two cars at the above noted intersection on February 18, 1939.

Plaintiff's reply admitted execution of the above release, but alleged that its terms were agreed on by John Plummer and T. M. Bair, owner of the car in which plaintiff was riding, and that T. M. Bair acted only for himself and not as agent of plaintiff; that the release was presented to plaintiff at a time when he was suffering great pain, and that certain drugs, the exact nature of which was unknown to him, had been given him, and he was mentally dulled and confused and did not understand the release and its effect; that when the release was given the extent of his injuries was not ascertained; that the amount paid did not exceed the damages sustained by T. M. Bair; that he received no portion of the money, and that the release was the result of mistake and misunderstanding and without adequate, or any, consideration passing to the plaintiff therefor.

At the trial the jury returned a general verdict for the defendant. During the trial plaintiff offered evidence tending to sustain the allegations of his petition. In connection therewith, one of plaintiff's

witnesses identified a certain check given by Plummer payable to plaintiff and the other occupants of the car in which he was riding, and to his attorney, for $425, the check showing that it had been endorsed by plaintiff and the other payees and had been cashed at plaintiff's home-town bank four days after its date. One of plaintiff's witnesses testified that he had received all of the money from the check and that he had not paid any of it to his father; that he owned the automobile in which they had been riding, and that it had been repaired. He was asked the costs of the repairs and an objection was sustained. Complaint is made of that ruling. The doctor who treated plaintiff after he reached his home, but who did not treat him immediately after the accident, was asked concerning his condition. He was then asked whether an opiate or narcotic administered by hypodermic injection had any effect upon the keen-ness of the mental processes, etc., and an objection thereto was sustained. Complaint is also made of this ruling.

In connection with both rulings, it is to be noted that on the hearing of the motion for a new trial there was no showing by affidavit, deposition or oral testimony of the witness, what answer would have been made had there been no objection. Under G. S. 1935, 60-3004, it is specifically provided that in all cases where the ground of a motion for a new trial is exclusion of evidence, such evidence must be produced in one of the manners above mentioned. The testimony sought to be adduced was not elicited on cross-examination, but on direct examination. (See *McIntosh v. Oil Co.*, 89 Kan. 289, syl. ¶ 2, 131 Pac. 151.) Neither were answers given and then stricken out. (See *Treiber v. McCormack*, 90 Kan. 675, 679, 681, 136 Pac. 268.) There was no requisite showing on the hearing of the motion for a new trial, and the question is not open for review on appeal. See the many cases noted in the annotations to the above section of the code, both in the 1935 statutes and in the 1939 supplement thereto.

Plaintiff makes no contention the instructions to the jury were not correct, but does contend the trial court erred in refusing to submit two requested instructions, each dealing with contributory negligence. No special interrogatories were requested, and as has been noted, the general verdict was for the defendant. No contention is made that the verdict is contrary to the evidence or that it is not supported by the evidence. The defense was twofold—that plaintiff was guilty of negligence contributing to his injuries, and that there

had been a full settlement and release between plaintiff and John Plummer. Waiving for the moment the first defense, the general verdict has implicit in it a finding that the matters in controversy between plaintiff and John Plummer were settled. That being the case, and the verdict being in no manner questioned, it became immaterial whether the trial court erred in refusing to submit the two requested instructions. If there was a settlement, and the jury said there was, it made no difference who was at fault. We shall not discuss further whether the requested instructions were correct as statements of law, or their applicability under the pleadings and evidence, as presented in the briefs.

No error has been made to appear and the judgment of the trial court is affirmed.