No. 38,201

MATHIAS FABER, *Appellant,* v. EDDIE BYRLE, *Appellee.*

(229 P. 2d 718)

Opinion filed April 7, 1951.

*William Keith,* of Wichita, was on the briefs for the appellant.

*Clarence R. Sowers,* of Wichita, argued the cause, and *Richard K. Hollingsworth* and *Clyde Wendelken, Jr.,* both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover damages for slander.

The plaintiff appeals from an order sustaining defendant's demurrer to his evidence.

The parties were farmers in Sedgwick county. The petition contained two causes of action. The first was based on the following communication:

"That on or about the 15th day of July, 1949, the defendant at Wichita, Kansas, spoke the following slanderous, false and defamatory matter of and concerning this plaintiff to Glenn Davis, an official investigator in the office of the Sheriff of Sedgwick County, Kansas, to-wit: 'That Mathias Faber (this plaintiff) steals gasoline; that he (Eddie Byrle) had recently at his (Eddie Byrle's) home near Maize caught him (Mathias Faber) and his hired man loading on his (Mathias Farber's) truck 3 fifty-five gallon containers of gasoline then being taken from his (Eddie Byrle's) gasoline supply tanks; and that he (Eddie Byrle) was then by (Mathias Faber) forced to go into his (Eddie Byrle's) house by said Mathias Faber with a gun in his (Eddie Byrle's) back and there he (Eddie Byrle) was tied in a chair by said (Mathias Faber) and then told by said Mathias Faber that if he (Eddie Byrle) ever told anybody about him (Mathias Faber) trying to steal gasoline from him (Eddie Byrle) that he (Mathias Faber) would kill him (*Mathias Faber*) [Eddie Byrle].'"

In the first cause of action it was further alleged the communication was false and was made maliciously with the intent to injure plaintiff's name, fame and credit, to bring him into public scandal and disgrace and the plaintiff was damaged thereby.

The second cause of action was based on the following communication:

"That on or about the 4th day of September, 1949, the defendant at or near St. Mary's Cathedral, Wichita, Kansas, spoke the following slanderous, false and defamatory matter of and concerning this plaintiff, to Ralph Faber, to-wit: 'It is kinda bad about Matt (meaning Mathias Faber) stealing gasoline; that he (Eddie Byrle) hated it because he knew Matt (Mathias Faber) so well and didn't think

he (Mathias Faber) would do anything like that; that if Matt (meaning Mathias Faber) wanted gasoline he (Eddie Byrle) would give it to him (Mathias Faber) rather than have him (Mathias Faber) come up behind him (Eddie Byrle) and force him (Eddie Byrle) with a gun; that he (Eddie Byrle) caught Mathias Faber's hired man loading his (Eddie Byrle's) gasoline into his (Mathias Faber's) pickup truck and that he (Mathias Faber) came up behind him (Eddie Byrle) with a gun in (Eddie Byrle's) back and told his (Mathias Faber's) hired man to put the gasoline on the truck; that he (Mathias Faber) forced him (Eddie Byrle) to go into his (Eddie Bryle's) house and he (Mathias Faber) there tied him (Eddie Bryle) in a chair and told him (Eddie Byrle) that if he (Eddie Byrle) ever said anything about him (Mathias Faber) stealing gasoline that he (Mathias Faber) would kill him (Eddie Byrle); that he (Eddie Byrle) did not dare to go over to Matt's (Mathias Faber's) place as there would be a murder.'"

The second cause of action further contained a statement similar to that previously stated following the alleged defamatory matter contained in the first cause of action.

Defendant's answer and an amendment thereto contained a general denial and, in substance, further alleged:

Ralph Faber was plaintiff's brother; the statements if made to him were made at his instance and request and were spoken in confidence; the statements made to plaintiff's brother and to the officer were privileged communications and were true; they were not made maliciously or with the purpose of damaging the plaintiff and he was not damaged thereby.

The record discloses no reply.

Without detailing plaintiff's evidence it may be stated his evidence corresponded substantially with the statements the petition alleged defendant had made to Glen Davis, the officer, and to Ralph Faber, who the evidence disclosed was plaintiff's half brother. There was no competent evidence plaintiff's half brother or the officer repeated the communications to any other person. The officer stated he had not communicated the statements to anyone except to the plaintiff. There was no separate or express evidence which tended to indicate defendant made the statements to those two persons, or to either of them, with malice towards the plaintiff.

Plaintiff sought to introduce evidence of other witnesses to the effect that various people in the vicinity had discussed the substance

of these communications. None of these discussions was in the presence of the defendant. The petition did not allege the defendant, plaintiff's half brother or the officer communicated the statements to any other person and, as previously stated, there was no evidence they, or any of them, had done so. The action was based solely on the ground the defendant had made the statements to the officer and plaintiff's half brother and not that defendant, plaintiff's half brother, the officer, or any of them, had made the statements to any other person. Under these circumstances it would appear the statements by such other persons, if made, were not within the issues joined by the pleadings. (*Jones v. Gill*, 145 Kan. 482, 485, 66 P. 2d 1033.)

Furthermore, the question of the competency of the testimony of such other witnesses is not properly before us for review. That subject, however, will be considered under the treatment of the motion for new trial.

The demurrer was lodged on the grounds the facts were insufficient to constitute a cause of action and that the action was barred by the one year statute of limitations, G. S. 1949, 60-306, Fourth.

Was the action barred? It was filed within less than a year after the alleged communications. It does not appear the court sustained the demurrer to either cause of action on the ground the action was filed too late. If the court did not sustain defendant's demurrer to either cause of action on that ground the defendant nevertheless has not cross-appealed on that point. Irrespective, however, of the lack of a cross-appeal we think the demurrer was not good on the ground the action was filed too late. Defendant's contention is that although the action was filed in time *the evidence* does not clearly disclose the defamatory statements were made within one year prior to the filing of the action. We think a reasonable interpretation of the entire record renders the contention untenable.

Was the demurrer to plaintiff's evidence properly sustained on the ground it was otherwise insufficient to establish a cause of action? In view of what has been said herein previously it is clear the only evidence to be considered is defendant's statements to the officer and to plaintiff's half brother.

A statement of a few general principles relating to defamatory statements may be helpful before proceeding with a consideration of the respective counts. Privileged communications are divided into two classes, namely, those which are absolutely privileged and

those which are qualifiedly or conditionally privileged. Where absolute privilege obtains, which is in a limited class of cases, there is no liability. With respect to qualifiedly or conditionally privileged communications there may or may not be liability depending upon the circumstances of the case.

Qualifiedly or conditionally privileged communications have been variously defined. We think the statement from 33 Am. Jur., Libel and Slander, § 126, is adequate. It reads:

"A publication is conditionally or qualifiedly privileged where circumstances exist, or are reasonably believed by the defendant to exist, which cast on him the duty of making a communication to a certain other person to whom he makes such communication in the performance of such duty, or where the person is so situated that it becomes right in the interests of society that he should tell third persons certain facts, which he in good faith proceeds to do. This general idea has been otherwise expressed as follows: A communication made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which, without this privilege, would be actionable, and although the duty is not a legal one, but only a moral or social duty of imperfect obligation. The essential elements of a conditionally privileged communication may accordingly be enumerated as good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only. The privilege arises from the necessity of full and unrestricted communication concerning a matter in which the parties have an interest or duty, and is not restricted within any narrow limits."

See, also, annotation 140 A. L. R. 1467.

In harmony with the foregoing statement this court early held a publication is conditionally privileged if made under circumstances and in a manner which repel, preclude or rebut the inference of malice arising prima facie from a statement prejudicial to the character of the plaintiff. (*Kirkpatrick v. Eagle Lodge*, 26 Kan. 384, 392; *Richardson v. Gunby*, 88 Kan. 47, 50, 127 Pac. 533.)

In this jurisdiction it has been held there is no liability on a conditionally privileged communication absent the existence of malice and that in such cases the burden of proof is on the plaintiff to establish malice. (*Kirkpatrick v. Eagle Lodge*, supra; *Richardson v. Gunby*, supra; *Stone v. Hutchinson Daily News*, 125 Kan. 715, 266 Pac. 78, 58 A. L. R. 718; *Sowers v. Wells*, 154 Kan. 134, 137, 114 P. 2d 828, and cases therein cited.)

Although there are rulings to the contrary most authorities hold that the question whether the publication complained of was privi-

leged, either absolutely or conditionally, by reason of its character or the occasion upon which it was made, is a question of law to be decided by the court whenever the evidence, as here, is undisputed. (*Richardson v. Gunby,* supra, p. 51; *Stone v. Hutchinson Daily News,* supra; 33 Am. Jur., Libel and Slander, § 296.)

Touching the question involved in the first cause of action, namely, defendant's statement to an officer, we have held a communication to an officer of the law charging a person with a crime, made in an honest effort to recover stolen property and for the purpose of detecting and punishing the criminal, is privileged and that where in such an action there is no proof of malice, a demurrer to the evidence is rightly sustained. (*Mueller v. Radebaugh,* 79 Kan. 306, 99 Pac. 612.) In a later similar slander case, *Gregory v. Nelson,* 103 Kan. 192, 173 Pac. 414, we said:

"It is true, as defendant contends, that it is the duty of every one to assist in the detection of crime, and to that end he should communicate to the proper officer what he knows regarding the commission of a crime. (*Mueller v. Radebaugh,* 79 Kan. 306, 99 Pac. 612.) Statements in themselves slanderous are protected as privileged if made in good faith in prosecuting an inquiry into a suspected crime." (p. 195, 196.)

For a discussion of subject and collection of pertinent cases, see annotation 140 A. L. R. 1466.

In the instant case the evidence adduced by plaintiff disclosed the communication to the officer, even if it were to be regarded as only conditionally privileged, was not abused. The officer, plaintiff's witness, testified he did not repeat the communication to anyone other than to the plaintiff himself. Plaintiff's evidence disclosed no malice. The district court did not err in sustaining the demurrer to the first cause of action.

Was defendant's communication to plaintiff's brother made under circumstances and in such manner as to properly classify it a conditionally privileged communication? Defendant's answer alleged the statement was made at the instance and request of plaintiff's brother and in confidence. The record presented here contains no reply to the answer. We, of course, are concerned presently only with evidence adduced on behalf of the plaintiff. This evidence was that defendant approached Ralph Faber and made the statement to him. Faber did not deny defendant made the statement to him in confidence and plaintiff's evidence shows nothing to indicate, or tend to indicate, it was not made in confidence. In view of the ordinary relationship existing between brothers we shall not

assume the defendant believed plaintiff's brother would circulate a derogatory statement about him. Furthermore there is no evidence the brother did repeat the statement to any other person. There is nothing in the record to indicate the relationship between the plaintiff and his half brother was not a normal brotherly relationship. Faber referred to himself as plaintiff's brother but said, "Well, to be exact, a half-brother." Faber testified he had never heard anything against his brother and that he did not "know anything bad about him at all."

The introductory part of Faber's testimony was:

"He [Byrle] approached me and said, 'Isn't it too bad the way Mat has been stealing gas from him and the vicinity around there', and Eddie Byrle said, 'it sure looks bad for himself and family, his brother and sisters, that he had to steal gas from somebody and run the whole family and relations down.'"

On its face this statement does not indicate malice but rather discloses an interest in the welfare of plaintiff's family including his brother to whom defendant made the statement. The remainder of the brother's testimony, previously set forth herein, is also reasonably susceptible of the belief defendant was concerned about his own physical safety and probably believed plaintiff's brother could help avert that danger. From the entire statement it is entirely reasonable to assume defendant made the statement in a spirit and with the hope of correcting a situation which affected both him, the brother, plaintiff's entire immediate family and relatives. The communication was made at a church gathering which it appears both men attended. It seems to us that in view of the person to whom defendant made the statement, the interest the defendant and plaintiff's brother both had in the matter, the circumstances and the manner in which the statement was made, when considered together, repel or rebut the inference of malice which ordinarily would arise *prima facie* from such a statement if it were made to another under different circumstances. Under all the circumstances we think it is realistic and legally sound to conclude the statement to the brother was a conditionally privileged communication.

In 53 C. J. S., Libel and Slander, § 120, the rule is stated thus:

"A communication to the relatives of a party defamed, when made on request or in the discharge of a duty, social, moral, or legal, is qualifiedly privileged."

In 33 Am. Jur., Libel and Slander, § 130, it is said:

"According to the weight of authority, a qualified privilege attaches to communications relative to family matters, made in good faith to the proper parties by members, intimate friends, and third persons under a duty to speak."

See cases cited under each of the foregoing statements.

In Restatement, Torts, § 597, is contained the following:

"(2) An occasion is conditionally privileged when the circumstances induce a correct or reasonable belief that

"(a) facts exist which affect the well-being of a member of the immediate family of the recipient or of a third person, and

"(b) the recipient's knowledge of the defamatory matter will be of service in the lawful protection of such person's well-being and

"(c) the recipient has requested the publication of the defamatory matter or is a person to whom its publication is otherwise within generally accepted standards of decent conduct."

Plaintiff having failed to establish malice the demurrer to the second cause of action was properly sustained.

Plaintiff argues the court improperly overruled his motion for a new trial by reason of having erroneously excluded testimony during the trial of other witnesses by whom it appears plaintiff hoped to show they had heard statements concerning his alleged theft of gasoline from the defendant and that he was damaged by such rumors. This complaint was previously answered. Actually, however, the ruling is not reviewable. We have examined the record on the motion for new trial and find no affidavit, deposition or oral testimony was offered on the motion for a new trial to indicate what the excluded testimony would have been if admitted. All that was brought into the record during the trial was counsel's statement or proffer of what he said the witnesses would testify to if permitted to do so. The journal entry discloses only that counsel's proffers during the trial were again offered on the hearing of the motion for a new trial. It repeatedly has been held a mere statement by counsel that a witness would testify to certain facts is not the testimony of the witness and is not reviewable. (G. S. 1949, 60-3004; *Bair v. Plummer*, 154 Kan. 397, 118 P. 2d 566; *Rusch v. Phillips Petroleum Co.*, 163 Kan. 11, 21, 180 P. 2d 270, and cases therein cited.)

The order sustaining defendant's demurrer to plaintiff's evidence and the judgment against plaintiff for the costs of the action are affirmed.