William R. WALLINGFORD, Plaintiff-Appellant,

v.

ZENITH RADIO CORPORATION, Defendant-Appellee.

No. 13749.

United States Court of Appeals Seventh Circuit.

Dec. 7, 1962.

Elwyn L. Cady, Jr., Kansas City, Mo., Anthony A. DiGrazia and Di Grazia & Snyder, Summit, Ill., for appellant.

Thomas C. McConnell, Chicago, Ill., Philip J. Curtis, John Borst, Jr., Chicago, Ill., McConnell, Curtis & McConnell, Chicago, Ill., of counsel, for appellee.

Before DUFFY, CASTLE and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

This is an action for libel brought by plaintiff, a citizen of the State of Kansas. Defendant's principal place of business is Chicago, Illinois. Jurisdiction is based upon diversity of citizenship. The District Court, on defendant's motion,

dismissed the complaint on the ground that the writings on which plaintiff's claim is founded were not libelous *per se.*

■ Plaintiff alleged that defendant, Zenith Radio Corporation, through one Frank Borta, maliciously injured plaintiff's good name and reputation in his "business and professional relations" as a Field Representative of the Department of Post-Graduate Medical Education, University of Kansas Medical Center, and as a vendor of hearing aids, by writing a letter to Dr. Cornelius P. Goetzinger, a Professor in the Department of Hearing and Speech, University of Kansas Medical Center.

The complaint sets out the letter as follows:

"DEAR DR. GOETZINGER,

"The following situation has been brought to my attention which I feel you would like to know of:

"1. A Mr. William R. Wallingford, who is employed by the University of Kansas, approached my dealers and Mr. Passarello, Zenith's Mid-West Dist. Branch Mgr., and indicated he was connected with your clinic (enclosed memo.)

"2. Then, reports from the field are that he is confusing the hard-of-hearing prospect by using the Univ. of Kansas station wagon on demonstrations of hearing aids.

"I have brought this to your attention, not because of dealer pressure, but the fine work and high standards of your clinic should certainly not be associated with something like this by anyone!

"Sincerely,
FRANK W. BORTA,
*Zenith Dist. Representative.*
(Memorandum)

"from the desk of

"A. A. PASSARELLO
May 5, 1959
"FRANK BORTA

"Attached is a card given to me by Wm. R. Wallingford who apparently works at the University of Kansas. He came over to the booth at the Medical Convention in Topeka and mentioned that he knew you, and from the way he spoke, I assumed he was a competitive hearing aid dealer.

"When I asked him what aids he handled, he replied 'Do you mean for the State or for my own business?' Is it possible that someone working for the State of Kansas has a hearing aid business on the side—this doesn't sound Kosher to me.

"He came back to the booth a little later when Dorothea was there, and it was obvious he knew Dorothea. She thinks there is something fishy about him.

"Do you know if he works anywhere in the area that might come under Dr. Goetzinger's jurisdiction?

"(s)   ARCH."

It was agreed in the District Court that the writings in question were received and read by Dr. Goetzinger at the University Medical Center in Kansas. As the alleged libel occurred in Kansas, the law of that state is applicable. Plaintiff claimed compensatory damages of $180,000 and punitive damages in the sum of $540,000.

In the District Court, this case first came before Judge Hoffman. Defendant moved for a summary judgment. Judge Hoffman denied the motion. The case was later transferred to the calendar of Judge Austin. At a pretrial conference, plaintiff advised the Court that the communications upon which his claim is founded, are not claimed to be libelous *per quod,* and moved to amend his complaint to allege said communications as libelous *per se* only. The Court granted plaintiff's motion to amend the complaint. After the amended complaint was filed, defendant moved to dismiss same on the ground the writings on which plaintiff's claim is founded are not libelous *per se.* The Court entered an order dismissing the complaint.

■ Plaintiff cites the well-established rule that his amended complaint should not have been dismissed unless it appears to a certainty that he is entitled to no

relief under any set of facts which could be proved in support of his claim. Chicago & North Western Ry. v. First National Bank of Waukegan, 7 Cir., 200 F. 2d 383, 384.

■ We agree that this is a sound legal principle, but in a libel case where the writings appear verbatim in the complaint upon which a claim of libel *per se* is based, there is presented a question of law which is subject to determination on a motion to dismiss.

Kansas Revised Statutes (1923), Section 21-2401 provides: "A libel is the malicious defamation of a person, made public by any * * * writing * * * tending to provoke him to wrath or expose him to public hatred, contempt or ridicule, or to deprive him of the benefits of public confidence and social intercourse * * *."

In Karrigan v. Valentine, 184 Kan. 783, at page 787, 339 P.2d 52 at page 55, the Court said: "Words libelous *per se* are words which are defamatory in themselves and which intrinsically, by their very use, without innuendo and the aid of extrinsic proof, import injury and damage to the person concerning whom they were written. They are words from which, by the consent of mankind generally, damage follows as a natural consequence and from which malice is implied and damage is conclusively presumed to result."

In Jerald v. Houston, 124 Kan. 657, at page 660, 261 P. 851, at page 852, the Court said: "It is not the understanding of one or several readers which determines whether an article is libelous per se. The question is whether the words on their face, without explanation or extrinsic proof, would necessarily, or as a natural or immediate consequence, cause injury * * * and the question is one of law for the court."

It should be noted that in Jerald, the Court limited the language in its earlier decision of Knapp v. Green, 123 Kan. 550, 256 P. 153, 55 A.L.R. 850 which is cited and relied upon in plaintiff's brief.

In a recent case, Chauffeurs, Teamsters and Helpers Local Union No. 795 v. Kansans for the Right to Work (1962), 189 Kan. 115, 368 P.2d 308, the Kansas Supreme Court held it was not libelous *per se* to use, with respect to a business representative and his union, such phrases as "blackmail," "blackmail picketing," and "gangster gun." The Court admitted that when such terms were used to charge the offense of extortion, they could be held libelous *per se* but not in the context used.

Cases cited by plaintiff are distinguishable. Thus, in Brinkley v. Fishbein et al., 134 Kan. 833, 8 P.2d 318, a licensed physician was characterized as a "quack." In Russell v. Anthony, 21 Kan. 329, plaintiff was described as a "swindler." In Hetherington v. Sterry, 28 Kan. 306, the writing which was held to be libelous charged an attorney at law with malpractice.

Under Kansas law, we hold the language used in the writings described in the amended complaint were not libelous *per se*.

■■ Another reason for supporting the judgment of dismissal is that under Kansas law, no libel arises from the publication of a privileged communication, even though the communication might otherwise be construed defamatory. The existence of privilege is a matter of law to be determined by the court. Faber v. Byrle, 171 Kan. 38, 43, 229 P.2d 718, 25 A.L.R.2d 1379.

In Stice v. Beacon Newspaper Corporation, Inc., 185 Kan. 61, 64-65, 340 P.2d 396, 400, 76 A.L.R.2d 687, the Court pointed out that "a qualifiedly privileged publication is a defamatory publication made on what is called an occasion of privilege without actual malice, and as to such publications, there is no civil liability regardless whether the publication is libelous *per se* or libelous *per quod*."

Borta's letter in the case at bar, constituted a complaint made to officials of a state institution concerning the activities of a public employee. There is no dispute in this case that plaintiff did, to

**696**

some extent, use the station wagon owned by the University in calling on his customers. There is nothing in this record to show malice which could destroy the privileged character of Borta's communication.

 The final point made by plaintiff is that the trial court's dismissal without giving grounds therefor, deprived plaintiff of an opportunity to amend his complaint to remedy the deficiencies found by the Court. This point is not well taken. In Asher v. Ruppa, 7 Cir., 173 F.2d 10, 11–12, and Duane v. Altenburg, 7 Cir., 297 F.2d 515, 518, we held that where a plaintiff prosecutes an appeal from an order of dismissal of the complaint, he thereby elected to stand on the complaint and waived any right to request leave to amend.

Affirmed.