## BISBEY *vs.* SHAW.

In an action for slander, in charging the plaintiff with being a thief, and with having stolen the defendant's corn, evidence that the plaintiff had planted a piece of the defendant's land, with corn, on shares, the crop to be divided equally between the parties, in the ear, and that the plaintiff, instead of fairly and honestly dividing the crop with the defendant, fraudulently and dishonestly secreted, carried away and converted to his own use, without the knowledge or consent of the defendant, a quantity of said corn, with intent to appropriate the same to his own use, is not admissible, either in justification of the charge, or in mitigation of damages.　SELDEN, J. dissented.

The defendant is chargeable with knowledge that the facts offered by him in mitigation not only did not constitute the crime of which he accused the plaintiff, but that they did not establish any offense whatever of which the law takes cognizance.

Where a party has assumed the responsibility of making the unqualified charge that another is a thief, he cannot be relieved from the consequences of his temerity by alleging his ignorance of the law in relation to the constituents of the crime of larceny.

This was an action for slander, in charging the plaintiff with being a thief, and with having stolen the defendant's corn. The answer, after denying each and every allegation of the complaint, stated by way of justification, and as a further independent defense, that the words charged to have been spoken by the defendant were true; for that the plaintiff, before the speaking and publishing of the slanderous words by the defendant, in the complaint mentioned, to wit, on or about August 10th, 1847, at the city of Rochester, did feloniously steal, take and carry away

Bisbey *v.* Shaw.

certain goods and chattels of him the said defendant, to wit: twenty-five bushels of corn of the value of $12, wherefore, &c. The answer further stated that the plaintiff and defendant, on or about the 10th day of March, 1847, made an agreement, by which the plaintiff should take a piece of land of the defendant and plant the same on shares, the plaintiff to be at all the labor and expense of planting, harvesting and securing the corn, which was to be divided equally between the parties, in the ear, after the same should be harvested and secured. That said land was accordingly planted to corn by the plaintiff under the agreement, which was cut and harvested by the plaintiff; but the plaintiff while cutting, harvesting and securing said corn, or immediately after the same was cut, harvested and secured, instead of fairly and honestly dividing said corn equally with said defendant, fraudulently, dishonestly and unfairly secreted, carried away and converted to his own use, without the knowledge or consent of the defendant, a considerable quantity of said corn, with intent to appropriate the same wholly to his own use, and to give no account thereof to the defendant; which being discovered by the defendant, he, the defendant, thereupon charged the plaintiff with having stolen the corn, which the plaintiff confessed, and pretended to express great penitence therefor; which facts, the answer stated, would be given in evidence on the trial in mitigation of damages. The plaintiff, in his reply, denied the new matters stated in the answer.

At the trial, before Johnson, justice, at the Monroe circuit in October, 1852, the plaintiff gave evidence tending to prove the speaking of the words by the defendant as charged in the complaint, and rested. The defendant then gave evidence tending to prove the truth of the matters stated in the answer by way of mitigation of damages. He also attempted to prove the justification set up in the answer. The judge charged the jury that the proof showed clearly that at the time of the alleged taking, the plaintiff and defendant were tenants in common of the entire crop of corn, and that each had an equal right to the possession of the whole; that the plaintiff had a right to take one-half at least; and if he took the whole or any portion greater than his

share, before the division, an action of trover even could not be sustained against him for such taking by his co-tenant, while he retained the possession ; nor until he sold or destroyed the property. That such a taking could not amount to a larceny, even if taken clandestinely, there being no evidence that there was any intent or design on the part of the plaintiff to charge another with the value of the property taken, and that the justification had therefore failed. That when a defendant spreads a justification of a slanderous charge upon the record, he assumes the responsibility of proving it to be true; that he must prove it to be true, or the allegation would be deemed false, and a reiteration of the slander. That there could be no halfway justification. That a justification of a slanderous charge spread upon the record, which was not proved, was an aggravation of the original charge ; and the jury had a right to regard it as a slanderous charge, deliberately reiterated, for the purpose of enhancing damages ; but that the amount of damages under all the circumstances of the case was wholly a question for the jury. The defendant's counsel requested the judge to charge the jury, that, under the issue in this case, they might take the facts proved by the defendant, although they did not amount to a justification, into consideration, in mitigation of damages ; but the judge refused so to charge ; but on the contrary, instructed the jury that the defendant must stand or fall by the justification he had set up and attempted to prove, and could claim nothing by way of mitigation, from his evidence, by which he had sought, but failed, to make his charge good. The defendant's counsel excepted to the charge and every part of it, and to the refusal to charge as requested. The jury found a verdict for the plaintiff for $500. A motion was now made to set aside the verdict, and for a new trial.

*John C. Chumasero,* for the defendant.

*H. C. Smith,* for the plaintiff.

Bisbey *v* Shaw.

Welles, P. J.   It seems to me that the case of *Bush* v. *Prosser*, recently decided by the general term in this district, (13 *Barb. S. C. R.* 221,) disposes of the motion in the present case ; and that if that case was properly decided, the verdict in this should not be disturbed.   Whatever might be my individual judgment upon the question of the correctness of the principles held in the case referred to, I should feel bound by them until overruled by paramount authority.   But it is but just to add, that after a full and deliberate examination of all the decided cases upon the subject, to which I have had access, there is, in my judgment, no escaping the conclusions arrived at by Mr. Justice Strong in that case. ˙ I have been referred to, and have examined, a very interesting opinion in the case of *Follett* v. *Jewett and Foot*, published in the July number of the N. Y. Legal Observer, and in the August number of the American Law Register of the present year.(*a*)   It seems to me, with all due respect for the justice who wrote the opinion, for whose legal accuracy I entertain the highest respect, that he has adopted the fallacy, that the 165th section of the code has changed the law as to what constitutes a mitigating circumstance in the action of slander, and that facts, which before the code, were not regarded in that light, may under the section referred to, be received in evidence, with a view to reduce the amount of damages ; whereas no such thing is said, or, as I think, was intended in the section.   Its only effect, in my judgment, is to preclude the defendant, in any case, from giving evidence in such action, of any fact in mitigation merely, unless it has been alleged with that view in the answer.   Before the code, such evidence was admissible under the general issue or plea of not guilty, now it must be set up in the answer.

The only inquiry then, in the present case, is, whether the evidence given in relation to the plaintiff's having taken the corn, which confessedly belonged to himself and the defendant as tenants in common, might have been regarded by the jury in mitigation of damages.   The judge charged the jury that the

(*a*) 11 Leg. Obs. 193.  1 Am. Law Reg. 600.

defendant could claim nothing by way of mitigation, from that evidence. In this, I think he was right. The evidence amounted to a justification, or nothing. It would be not only against law, but contrary to good morals, to allow a defendant to mitigate a slanderous charge which he had made against another, by proving acts of the plaintiff which he erroneously believed constituted the offense of which he had accused him, when in fact, if the proof established any crime, it was one differing in its nature and grade from the one charged. As well might he be permitted to prove, in an action for accusing the plaintiff of highway robbery or perjury, that he had been guilty of petit larceny, or an assault and battery. It is not a mistake of the law of which he can avail himself, even in mitigation.

The defendant in this case is chargeable with knowledge that the facts proved by him, and which he desired to have the jury consider in mitigation of damages, not only did not constitute the crime of which he accused the plaintiff, but that they did not establish any offense whatever of which the law takes cognizance. The facts and circumstances tending to disprove malice, by showing that the defendant, though mistaken, believed the charge true when it was made ; and which may be given in evidence in mitigation, (*Cooper* v. *Barber*, 24 *Wend.* 107,) must be such as tend to show he was mistaken *in the facts*, as in the case of *Gilman* v. *Lowell*, (8 *Wend.* 573,) where the charge was that the plaintiff had sworn falsely in making oath that he was a freeholder, and that his deed was recorded, and where the court held that the defendant was entitled to show in mitigation that on search for the deed in the clerk's office, it was not found, owing to a mistake of the recording officer in indexing his records. Upon the same principle, I suppose, in a case where the *corpus delicti* in question was established, evidence would be received in mitigation, to show that it was committed by a person resembling and personating the plaintiff. Such evidence would tend to show mistakes of fact merely, without imputing any offense to the plaintiff. It would not, in the language of the books, "tend to prove the truth of the charge," but would on the contrary, proceed on the assumption that it

was untrue, and would be consistent with the entire innocence of the plaintiff.

But such cases bear no analogy to the one under consideration, where the defendant has assumed the responsibility of making the unqualified charge, that the plaintiff was a thief and had stolen his corn, and now asks to be relieved from a portion of the consequences of his temerity, by alleging his ignorance of the law in relation to the constituents of the crime of larceny.

There is no force in the point raised upon the argument, complaining of the charge of the judge, that under the evidence, a larceny of the property could not be committed by the plaintiff, admitting the same to have been clandestinely taken. The law upon the subject has been too long and too well settled to admit of discussion.

I think a new trial should be denied.

T. R. Strong, J. concurred.

Selden, J. dissented.

[Monroe General Term, September 5, 1853. *Welles, T. R. Strong* and *Selden*, Justices.]