Haag v. Cooley.

## J. J. HAAG v. JAMES COOLEY.

1. SLANDER; *Defective Petition.* In an action for slander, the petition did not state when, or where, or to whom the alleged slanderous words were spoken, and the defendant moved the court to require the plaintiff to make his petition more specific and definite in these particulars, but the court overruled the motion; *held,* error.

2. —— *Words Imputing Larceny.* The alleged slanderous words were spoken by the defendant of and concerning the plaintiff, and were as follows: "He stole my corn." "He stole my corn, and I can prove it." "By God! he stole my corn." *Held,* That these words impute a larceny, a criminal offense involving moral turpitude, and are actionable *per se.*

3. WITNESSES AS TO CHARACTER; *Limit of Number.* In such an action, the court, in its discretion and with proper notice to the parties, may limit the number of witnesses to be introduced on each side to prove the general reputation of the plaintiff for honesty and integrity; but to limit the number to three only, is error.

4. PRACTICE; *Reputation of Plaintiff.* In such an action, it is not error for the trial court to refuse to permit the defendant to introduce evidence tending to show what the general reputation of the plaintiff for honesty and integrity at the time of the trial is. The evidence should be confined to the general reputation of the plaintiff for honesty and integrity at the time when the alleged slanderous words were spoken.

*Error from Wilson District Court.*

ACTION for slander. At the May Term, 188°, plaintiff *Cooley* had judgment for $30 against defendant *Haag,* who brings the case here. The opinion states the facts.

*Ben. M. Armstrong,* for plaintiff in error.

*C. C. Chase,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action for slander, commenced by James Cooley against J. J. Haag. The case was tried before the court and a jury, and judgment was rendered in favor of the plaintiff and against the defendant for $30 and the costs of suit; and the defendant, as plaintiff in error, brings the case to this court, and alleges error in several particulars.

I. It is claimed that the court below erred in overruling the motion of the defendant below to require the plaintiff below to make his petition more definite and certain. The petition does not give or attempt to give the names of the persons to whom the alleged slanderous words were spoken, nor the time nor place when or where they were spoken, and the aforesaid motion of the defendant asked the court to require the plaintiff to make his petition more specific and definite in these particulars; but the court overruled the motion. In this we think the court erred. Of course, indefiniteness on the part of the petition did not prevent its stating a cause of action, or render it insufficient as against a demurrer. A petition may state a good cause of action for slander, without stating when, or where, or to whom the alleged slanderous words were spoken; but by not stating these things it makes it much more difficult for the defendant to prepare for his defense. The plaintiff in such an

action ought, in all fairness to the defendant, to inform the defendant as to when and where, or about when and where, and to whom, the plaintiff claims the defendant uttered the alleged slanderous words. The defendant might then be able to clearly show that in fact he never did utter them. If on the hearing of the motion to require the plaintiff to make his petition more specific and definite in these particulars, it should appear to the court that the petition was already as specific and definite and certain as it well could be under the circumstances, the court might then very properly overrule the motion.

II. The defendant also demurred to the plaintiff's petition upon the ground that it did not state facts sufficient to constitute a cause of action. He also raised the same question in various other ways during the trial. The alleged slanderous words were spoken by the defendant of and concerning the plaintiff, and were as follows: "He stole my corn." "He stole my corn, and I can prove it." "By God! he stole my corn." As these words were not spoken of the plaintiff in his profession or occupation, and as no special damages are alleged in the petition, it is claimed that no cause of action is stated, unless the uttering of the aforesaid words is actionable *per se;* and it is further claimed that in order that they may be actionable *per se,* it is necessary that they impute not only a criminal offense, but also an offense of an infamous character and punishable by imprisonment in the penitentiary. We do not think that this is the law. The words spoken in the present case impute larceny, (Townshend on Slander and Libel, § 144, pp. 207, 208, b. b., steal—stolen;) and larceny is a criminal offense involving moral turpitude. This, we think, is all that is necessary to render the words spoken actionable *per se.* (*Harrington v. Miles,* 11 Kas. 480; *Henicke v. Griffith,* 29 id. 516; *Bisbey v. Shaw,* 15 Barb. 578; Townshend on Libel and Slander, ch. 8, and cases there cited.) It is an indictable offense in this state to steal corn in any quantity. (Crimes Act, §§ 78, 80.) Even to sever corn from the soil of another and to take and convert the same to the wrongdoer's own use, *with the intent to steal the same,* is larceny, and an in-

dictable offense. (Crimes Act, § 87.) Even the *trespass* of severing corn from the soil of another is a misdemeanor. (Comp. Laws of 1879, ch. 113.) And prosecutions for misdemeanors, as well as for felonies, may be instituted and carried on by indictment. (Cr. Code, §§ 3, 4, 5, 66.) The statutes relating merely to trespasses have no application to this case, however; for the alleged libelous words in the present case charged a larceny, and not merely a trespass.

III. The court of course had the right, in its discretion, and with proper notice to the parties, to limit the number of witnesses to be introduced on each side to prove the general reputation of the plaintiff for honesty and integrity. (*Bunnell v. Butler*, 23 Conn. 65; *Bissell v. Cornell*, 24 Wend. 354; *Gray v. St. John*, 35 Ill. 222.) But we think the court erred in limiting the number to three.

IV. We do not think the court below erred in refusing to permit the defendant to introduce evidence tending to show what the general reputation of the plaintiff for honesty and integrity at the time of the trial was. What his general reputation for honesty and integrity at that time was, was not in issue. It was what his general reputation for honesty and integrity was at the time when the alleged slanderous words were spoken that was in issue, and the evidence should have been confined to that time.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.