No. 28,147.

FLORA R. STIDHAM, *Appellee*, v. THE STATE BANK OF ESBON et al.,
*Appellants*.

(268 Pac. 106.)

Opinion filed June 9, 1928.

*J. T. Reed, F. W. Mahin,* both of Smith Center, *A. M. Harvey* and *Randall C. Harvey,* both of Topeka, for the appellants.

*R. W. Turner* and *D. F. Stanley,* both of Mankato, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, a stockholder in the Farmers State Bank of Esbon, sued to recover damages sustained by her caused by the defendant's circulating false and malicious statements impugning the financial standing of the Farmers State Bank of Esbon and of the plaintiff. All the defendants, except the Farmers State

Bank of Esbon, appeal from an order denying parts of their motion to make the original petition more definite and certain, from an order denying their motion to strike out a part of that petition, and from an order overruling their demurrer to the amended petition of the plaintiff.

The petition alleged that all of the defendants, except the Farmers State Bank of Esbon, conspired with each other—

"For the purpose of weakening and destroying the business, influence, financial credit and standing of plaintiff and of said the Farmers State Bank of Esbon, and to break them up and run them out of business, and, for the purpose of accomplishing said design made certain false and malicious statements and representations and circulated rumors impugning the financial standing of said the Farmers State Bank of Esbon and the solvency and reputation thereof and derogatory to the integrity, ability and solvency of the plaintiff and of one Guy O. Seaton, who at said time was or shortly thereafter became the cashier of said the Farmers State Bank of Esbon. . . .

"That the statements and representations as aforesaid were made to many people in and about Esbon and in the trade and banking territory of said the Farmers State Bank and to numerous of its customers and depositors, and that each defendant with the purpose to accomplish injury to plaintiff and to said the Farmers State Bank of Esbon participated by performing jointly and individually the acts and statements above referred to . . ."

■ The appellants filed a motion asking that the petition be made more definite and certain—

"By stating the time of the making or circulating of said alleged statements, representations and rumors, and if unable to state the exact time, by stating the same as nearly as possible, by setting out dates within the limits of which said alleged rumors, statements and representations were made or circulated."

That part of the motion was denied.

In *Haag v. Cooley*, 33 Kan. 387, 6 Pac. 585, this court declared that—

"In an action for slander, the petition did not state when, or where, or to whom the alleged slanderous words were spoken, and the defendant moved the court to require the plaintiff to make his petition more specific and definite in these particulars, but the court overruled the motion. *Held,* error."

The time when the statements and representations were made should have been alleged so as to show whether or not the action, when commenced, was barred by the statute of limitations. It was error to deny that part of the motion. An amended petition was afterward filed to comply with the order of the court in other par-

ticulars, but it did not show when the statements complained of were made. It alleged that the plaintiff was unable to state the exact time when the statements were made. That did not remedy the defect in the petition.

■ Section 21-2452 of the Revised Statutes reads:

"Whenever any person maliciously and without probable cause circulates or causes to be circulated any rumor with intent to injuriously affect the financial standing or reputation of any bank, financial or business institution or the financial standing of any individual in this state, either verbally or in writing, or makes any statement or circulates or assists in circulating any false rumor or report for the purpose of injuring the financial standing of any bank or financial institution or of any individual in this state, or seeks either by word or action to start a run upon said bank or financial institution, or connives or conspires with any person for the purpose of injuring the standing or starting a run on any bank or financial institution, such person shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than five hundred dollars or by imprisonment in the county jail for not more than three months, or by both such fine and imprisonment."

The amended petition alleged:

"That on or about the period stated, the exact time plaintiff being unable to show, the defendant the State Bank of Esbon, Jay K. Beachy, E. E. Duncan and Esther Belle Beachy, wrongfully and maliciously combined, confederated and conspired together for the benefit of said the State Bank of Esbon and to advance their own interests therein, for the purpose of weakening and destroying the business, influence, financial credit and standing of plaintiff and of said the Farmers State Bank of Esbon, and to break them up and run them out of business, and for the purpose of accomplishing said design made certain false and malicious statements and representations and circulated rumors impugning the financial standing of said the Farmers State Bank of Esbon and the solvency and reputation thereof, and derogatory to the integrity, ability and solvency of the plaintiff and of one Guy O. Seaton, who at said time was or shortly thereafter became the cashier of said the Farmers State Bank of Esbon."

The appellants argue that no cause of action was alleged in favor of the plaintiff, and that if any cause of action was alleged it was in favor of the Farmers State Bank of Esbon, in which the plaintiff was a stockholder. The amended petition alleged that the statements made by the appellants were made for the purpose of "weakening and destroying the business, influence, financial credit and standing of plaintiff." Section 21-2452 of the Revised Statutes was enacted to protect the financial standing of individuals as well as that of financial institutions. The plaintiff comes within the protection of the statute.

In 37 A. L. R. 1348 is found a note on "Libel or Slander Affecting Bank." A number of cases are there cited holding that defamatory statements concerning the integrity, solvency or management of a bank are actionable. The same reasoning would compel the conclusion that defamatory statements concerning the integrity or solvency of an individual would be actionable. This coupled with section 21-2452 of the Revised Statutes constrains the court to hold that the plaintiff has the right to maintain an action for defamatory statements made by the defendants concerning her solvency, unless barred by the statute of limitations or unless some defense is made to appear. However, her petition must allege facts sufficient to constitute a cause of action.

█ The motion to make the original petition more definite and certain asked that the plaintiff be required to name the person or persons to whom the statements, representations and rumors were made. That part of the motion was sustained. The plaintiff, in her amended petition, in response to the ruling on the motion, alleged:

"That plaintiff is unable to herein show precisely the names of those to whom such representations were made, or to describe them, save as follows, the dates of such representations, their exact content or whether oral or whether in writing save that they imputed insolvency and lack of business standing and integrity to said the Farmers State Bank of Esbon and its officers, including the plaintiff."

If the case were on trial, it would be necessary for the plaintiff to prove not only that the statements were made, but that they were made to or in the presence of third persons; it would be necessary to produce a witness who had heard those statements made. If such a witness can be produced, the plaintiff can set out the name of that witness. Following *Haag v. Cooley,* supra, it was necessary for the plaintiff to state to whom or in whose presence the statements were made. Failure to do so rendered the action subject to dismissal. When the demurrer was presented it should have been sustained; or, the action should have been dismissed under *Anderson v. Denison Clay Co.,* 104 Kan. 766, 180 Pac. 797, where this court said:

"If a proper order to make a petition more definite and certain is not complied with, the action may be dismissed."

The judgment is reversed.

HARVEY, J., not sitting.