No. 39,399

HOWARD C. MYERS, *Appellee,* v. FLEETWOOD FARMS, INC., *Appellant.*

(271 P. 2d 263)

Opinion filed June 12, 1954.

*Philip E. Buzick,* of Topeka, argued the cause, and *James A. McClure, Robert L. Webb, Ralph W. Oman, Robert A. McClure* and *James D. Waugh,* all of Topeka, were with him on the briefs for the appellant.

*William Hergenreter,* of Topeka, argued the cause, and *Wendell L. Garlinghouse* and *Warren W. Shaw,* both of Topeka, and *Victor Hergenreter,* of Alma, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an action to reform a written cattle-feeding contract to conform to an alleged prior oral agreement between the parties, and to recover judgment for an alleged balance due under the contract as reformed. As a basis for reformation plaintiff alternatively alleges mutual mistake of the parties and fraud.

Defendant has appealed from an order overruling its demurrer to the amended petition.

The demurrer contains three paragraphs, the first being directed to the allegations of fraud, the second to those of mutual mistake, while the third is directed to the entire amended petition on the grounds such pleading contains a confusion of theories and does not state a cause of action. The order does not indicate upon what ground or grounds the demurrer was overruled, but we are advised that it was considered as a general demurrer which challenged the sufficiency of the entire amended petition to state a cause of action upon either theory advanced by plaintiff. Under the general rule, therefore, if the amended petition states a cause of action on any theory the demurrer was properly overruled. (*Allen County State Bank v. Wilson,* 140 Kan. 577, 579, 37 P. 2d 1002, and *Marchant v. Layton,* 173 Kan. 341, 245 P. 2d 973.)

This is a companion case to *Myers v. Fleetwood Farms, Inc.* (case No. 39,417), 176 Kan. 508, 271 P. 2d 257, this day decided, and, with two exceptions, the facts and issues are substantially identical. The exceptions are that in the instant case the written contract was mailed to plaintiff for his signature and plaintiff's grounds for relief are pleaded in the alternative.

Under the circumstances we consider it unnecessary to set out

the allegations of the amended petition and the contentions of the parties. All have been examined and given careful consideration, but, in a general way, the decision in the companion case is controlling on the questions here involved.

In our opinion the allegations of the amended petition are sufficient to state a cause of action, and the order of the lower court overruling defendant's demurrer thereto is affirmed.