No. 42,356

Tom Morehead, *Appellee*, v. Dalice Rush, *Appellant*.

(358 P. 2d 752)

Opinion filed January 21, 1961.

*George W. Donaldson,* of Chanute, argued the cause and was on the briefs for the appellant.

*Charles F. Forsyth,* of Erie, was on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This is an action for damages for slander in which, under a proper notice of appeal and specifications of error, the defendant is entitled to a review of the trial court's action in overruling his demurrer to plaintiff's amended petition and, by reason of G. S. 1959 Supp., 60-3314a, a review of a prior order overruling his motion to strike certain allegations from the second cause of action of the original petition.

Plaintiff commenced the action by filing the petition in which he purported to set forth two causes of action for slander. Subsequently defendant attacked that pleading by filing a motion wherein he moved to strike and to make more definite some of the allegations of the first cause of action and to strike certain allegations, to be presently mentioned, from the second cause of action. The trial court overruled all portions of the motion to strike but sustained the portion thereof asking that plaintiff be required to make the allegations of his first cause of action more definite. Thereafter plaintiff's motions, to dismiss the first cause of action and for leave to file an amended petition, were sustained. The amended petition was filed in due time and, for purposes here involved, it may be stated it contained one cause of action in the form of a verbatim statement of the second cause of action, as previously set forth in the original petition. Defendant immediately attacked the amended pleading by a general demurrer. When it was overruled he perfected the instant appeal in which he makes no complaint of

rulings made by the trial court with respect to the first cause of action of the petition.

In order to insure a proper understanding of the appellate questions involved it will be necessary to quote some of the identical allegations of the amended petition, as well as those of the second cause of action of the original petition. They read:

"That heretofore, to-wit, *on or about* the 31st day of October, 1959, at the Spot Tavern in Chanute, Neosho County, Kansas, in a certain discourse and conversation which said defendant had with one Ralph Burkhart *in the hearing and presence of other persons not known to the plaintiff*, said defendant, Dalice Rush, took from his pocket an envelope with the notation, 'Taken from Morehead's Files,' that he took from the envelope three photographic prints . . .; that defendant, Dalice Rush, identified the subject of the photographs and maliciously spoke and published of and concerning this plaintiff in words as follows, to-wit: . . ." (Emphasis supplied.)

The two pleadings, from which we have just quoted, contain other allegations with which we do not care to burden our reports. It suffices to say they relate to the slanderous statements claimed to have been made by appellant and the damages sustained by appellee, by reason of their publication, and that their legal sufficiency is not under attack or involved in this appeal.

In approaching all questions raised by appellant in this appeal it should be pointed out that under the heretofore quoted allegations of the amended petition the plaintiff, with respect to the slanderous statements relied on as the basis of his cause of action, (1) fixed the date of the making of those statements as on or about October 31, 1959; (2) specifically identified the place where such statements were made as the Spot Tavern in the City of Chanute; (3) definitely named the person to whom such statements were directly uttered; and (4), when all allegations touching such subjects are considered together, made it definite and certain the alleged slanderous statements relied on were all made on a single occasion.

In spite of what has just been stated appellant insists that his general demurrer, based solely on the ground the petition failed to state facts sufficient to constitute a cause of action, should have been sustained and that the trial court erred in overruling it.

Without laboring the question thus raised it may be stated that it was decided in this jurisdiction long ago, contrary to appellant's contentions, in one of the very cases on which he relies to sustain his position on this point.

In *Haag v. Cooley*, 33 Kan. 387, 6 Pac. 585, in dealing with the specific question now under consideration, this court said:

". . . Of course, indefiniteness on the part of the petition did not prevent its stating a cause of action, or render it insufficient as against a demurrer. A petition may state a good cause of action for slander, without stating when, or where, or to whom the alleged slanderous words were spoken; but by not stating these things it makes it much more difficult for the defendant to prepare for his defense . . ." (p. 388.)

The established rule of this jurisdiction is that where-as-here—a general demurrer challenges the sufficiency of the entire petition to state a cause of action the trial court does not err in overruling such demurrer if a pleading so challenged states a cause of action on any theory. (*Fernco, Inc., v. Kennedy*, 181 Kan. 25, 31, 309 P. 2d 400.) For other decisions, where this rule has been considered, discussed and applied, see *Clark v. Hildreth*, 179 Kan. 243, 247, 293 P. 2d 989; *Edwards v. Solar Oil Corp.*, 177 Kan. 219, 222, 277 P. 2d 614; *Myers v. Fleetwood Farms, Inc.*, 176 Kan. 515, 516, 271 P. 2d 263; *Butler v. Rude*, 162 Kan. 588, 178 P. 2d 261; *Updegraff v. Lucas*, 76 Kan. 456, 93 Pac. 630.

So here, adherence to what is stated and held in *Haag v. Cooley*, supra, and the universal rule announced in decisions last cited, requires a conclusion the trial court did not commit reversible error in overruling the demurrer to the instant petition.

Thus we come to the second and final issue raised in this appeal. It is that the trial court erred in overruling appellant's motion to strike the heretofore quoted allegations of the amended petition, which we have underlined for purposes of emphasis and avoiding repetition.

In this connection appellant argues that, under our decisions, in actions for slander a plaintiff must allege the time when, the place where, and to whom he claims the alleged slanderous words were spoken.

In support of his position on the point now under consideration appellant cites *Haag v. Cooley*, supra, and *Stidham v. State Bank*, 126 Kan. 336, 268 Pac. 106, and strenuously insists that these decisions must be construed as requiring the court to strike all of the underlined words, to which we have heretofore referred, from the amended petition.

Resort to the opinions of the decisions on which appellant relies will disclose that in both cases the plaintiffs in actions for slander,

had filed petitions which made no attempt to state when, or where, or to whom the alleged slanderous words were uttered and that the defendants had filed motions to make such pleadings more definite and certain in those particulars, not motions to strike. Moreover, in reading the opinions in those cases, it must be remembered that the court was there dealing with pleadings which were wholly devoid of any such allegations and that what is there said and held must be regarded as having been based on those premises.

Assuming *arguendo* there is some merit to appellant's contention the last cited decisions hold that a petition in an action for slander must allege the place where the alleged slanderous statements were made, we need not here labor that question. The amended petition meets that requirement by setting forth the exact place at which it is claimed the alleged statements were made.

We find no merit whatsoever in appellant's contention such decisions are to be regarded as authority for holding that the trial court erred in refusing to strike the words "on or about" from the first line of the heretofore quoted portion of the amended petition. At page 389 of the opinion in *Haag v. Cooley,* supra, it is recognized that a pleading which apprises a defendant of *about when* the plaintiff claims he uttered the alleged slanderous words is sufficient and we find nothing in the law of that case as announced in syllabus ¶ 1 thereof or in syllabus ¶ 1 of *Stidham v. State Bank,* supra, to warrant a different conclusion. Indeed any holding to the contrary might come as a shock to the members of the bench and bar of this state who in the past have doubtless found occasion to rely on well-recognized works on Kansas Legal Forms. See McCamish Kansas Forms (Second Ed.), Petitions, § 147, p. 26 and 4 Vernon's Kansas Forms, Pleadings, § 5343, p. 91.

Nor do we believe there is merit in appellant's contention such decisions are to be considered as authority compelling a conclusion that the trial court was required to strike the allegations "in the hearing and presence of other persons not known to the plaintiff" from the amended petition. We construe *Haag v. Cooley,* supra, on which it is to be noted the opinion in *Stidham v. State Bank,* supra, is based on this particular point, as definitely recognizing that where—as here—a petition for slander expressly names the person to whom the slanderous statements were directly uttered a trial court does not err in refusing to strike allegations from that pleading to the effect the statements were made in the presence

and hearing of other persons whose names were unknown to the plaintiff at the time of the filing of the petition.

Based on the foregoing decisions and our own independent examination of other Kansas cases dealing with the sufficiency of pleadings in slander actions we are convinced, that under the liberal rules of pleading existing in this jurisdiction under our code of civil procedure, the amended petition in this case states a cause of action. Moreover, after careful consideration of all arguments advanced by the parties, we are equally convinced that when the amended petition is surveyed in its entirety it has not been made to appear the trial court's action in overruling the appellant's motion to strike the challenged allegations of that pleading has prejudiced or will prejudice his substantial rights. In that situation, under all our decisions (*Mayfield v. Hesston Mfg. Co.*, 187 Kan. 91, 353 P. 2d 789; *Vakas, Administratrix v. Collins*, 185 Kan. 103, 106, 340 P. 2d 99; *Broberg v. Boling*, 183 Kan. 627, 633, 331 P. 2d 570; *Acton Manufacturing Co. v. Myers*, 182 Kan. 364, 366, 320 P. 2d 840; *Marshall v. Duncan*, 182 Kan. 540, Syl. ¶ 4, 322 P. 2d 762; *Nausley v. Nausley*, 181 Kan. 543, 545, 313 P. 2d 302; *Wilson v. Kansas Turnpike Authority*, 181 Kan. 1025, 1028, 317 P. 2d 843; *Smith v. Wright*, 180 Kan. 584, 586, 305 P. 2d 810; *Nardyz v. Fulton Fire Ins. Co.*, 151 Kan. 907, 101 P. 2d 1045; *Nelson v. Schippel*, 143 Kan. 546, 56 P. 2d 469) this court is committed to the rule that an order overruling a motion to strike allegations from a pleading will not be reversed.

In conclusion it should perhaps be stated, that in the face of G. S. 1949, 60-753, 60-754 and 60-755, and the facts as pleaded in the amended petition, we have not been impressed with arguments advanced by the appellant regarding the possibilities of prejudice resulting to him from the overruling of his motion to strike. Upon the trial, after joinder of issues, he may invoke the benefits of such sections of the statute in the event of a variance between the allegations of the amended petition and the proof.

The judgment is affirmed.