No. 47,825

E. Gene Schulze, *Appellant,* v. Richard Coykendall, *Appellee.*

(545 P. 2d 392)

Opinion filed January 24, 1976.

*Charles F. Forsyth*, of Erie, argued the cause, and *Clark M. Fleming*, of Erie, was with him on the brief for appellant.

*J. D. Conderman*, of Iola, argued the cause, and *Robert V. Talkington*, also of Iola, was with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: This is an appeal from an order granting a summary judgment for defendant in an action for libel and for slander.

The plaintiff, E. Gene Schulze, was principal of the elementary school in Humboldt, Kansas. The defendant, Richard Coykendall, was a patron of the school district. The plaintiff filed his petition setting forth 13 slanderous statements alleged to have been made by the "defendant in the month of June, 1973, in conversations with various members of the Humboldt community." The plaintiff further alleged that "on July 2, 1973, the defendant published the same allegations in a complaint in writing filed with the Board of Education of Unified School District No. 258." Both of these allegations in the petition were followed by further allegations that they were wholly false, prompted by malice, and that plaintiff was injured in his reputation and business.

The thirteen defamatory statements set forth in the petition need not be copied in this opinion. Suffice it to say they imputed to the plaintiff neglect of his duties as principal of the school and other actions which would indicate lack of capacity and fitness to properly perform his professional duties as a public school principal.

The defendant filed answer denying that the oral statements were spoken to members of the Humboldt community. He admitted filing the written complaint with the board and requesting a hearing. He alleged the statements were true, made without malice in the public interest, and were privileged. He further denied that plaintiff was damaged.

The defendant then filed a motion for summary judgment alleging the petition shows on its face that said statements were absolutely privileged and that a hearing was held by the Board of Education on the complaint and the statements contained therein were found to be true. He further alleged that the petition did not state a claim upon which relief could be granted. This latter ground appears to be based upon a claim that the petition did not set forth essential details of the slander, such as where, when and to whom a particular statement was made. This motion was overruled.

The defendant, in an effort to obtain the details of plaintiff's claims, deposed the plaintiff. The plaintiff was asked the name or names of those persons to whom each particular slanderous statement was made. He stated he did not know.

Thereafter defendant filed a renewed motion for summary judgment and asserted the complaint he filed was absolutely privileged. The complaint had been filed with the Board of Education. A public hearing was held. The board found the statements were true. As to the 13 slanderous statements the defendant claimed the petition failed to identify the names of those to whom a particular statement was alleged to have been made and that plaintiff in his deposition was unable or refused to identify those persons.

On this renewed motion the court determined:

"1. Defendant is entitled to know the names of the person or persons to whom the alleged statements were spoken and the nature of their testimony relative to the allegations of the petition, and Plaintiff should be allowed fifteen (15) days to provide such information to Defendant's counsel.

"2. The question of absolute privilege should be resolved as a matter of law before the matter of trial is further considered and Plaintiff be allowed fifteen (15) days to provide further memorandum on this question."

Six days later in response to the court's order the plaintiff filed a rather lengthy memorandum. The details of filing the written complaint with the Board of Education were set forth, giving the date, the names of those on the board, and referring to the written complaint. However, as to the slanderous statements alleged in the petition to have been published in June, 1973, 12 witnesses were named but plaintiff stated he could not specify the exact dates, times and places any particular statement was made.

The trial court granted summary judgment. The order recites the procedural matters which had transpired and concludes:

"1. The failure of plaintiff to so specify what alleged defamatory statements were made by defendant to specified persons and at certain places and times is fatal to a cause of action based on such general allegations as made by

plaintiff. *Haag v. Cooley,* 33 Kan. 387, *Stidham v. State Bank,* 126 Kan. 336; *Morehead v. Rush,* 187 Kan. 624.

"2. Defendant's motion for summary judgment is sustained and the action is dismissed at costs of plaintiff. The Clerk is to enter judgment accordingly forthwith."

Although the trial court treated the alleged slander in June, 1973, and the alleged libel on July 2, 1973, on the same basis in the order, we do not believe they can be disposed of on the same basis. As to the libel charge the contents of the complaint, the date of filing, the names of the members of the Board of Education, and the place of filing were adequately disclosed. We will consider the libel charge later.

We turn to the ruling on the slander charge. Appellant contends the court erred because in the state of Kansas we now have notice pleading. The cases relied on by the court were prior to that change in pleading.

Prior to notice pleading in this state a petition for defamation had to state when, where and to whom the alleged defamatory words were spoken or published. It was held a petition must state the alleged defamatory words spoken or published, the names of those persons to whom they were published and the time and place of publication. (*Haag v. Cooley,* 33 Kan. 387, 6 Pac. 585; *Stidham v. State Bank,* 126 Kan. 336, 268 Pac. 106; *Morehead v. Rush,* 187 Kan. 624, 358 P. 2d 752.) In *Haag* it is held that a petition which fails to disclose these facts in an action for defamation is subject to a motion to make definite and certain. In *Stidham* it is held that on failure to do so the action is subject to dismissal. The *Stidham* case relied on *Anderson v. Denison Clay Co.,* 104 Kan. 766, 180 Pac. 797, in which it is held that when a party fails to comply with an order to make definite and certain the action may be dismissed. In *Haag* the reason given for requiring a more definite statement in an action for defamation is that without this information it is much more difficult, if not impossible, for the defendant to prepare for his defense.

With the advent of the rules of civil procedure on January 1, 1964, notice pleading was authorized. K. S. A. 1975 Supp. 60-212 (*e*) now provides:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleadings. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the

judge is not obeyed within ten (10) days after notice of the order or within such time as the court may fix, the judge may strike the pleading to which the motion was directed or make such order as he deems just."

The defendant in this case did not proceed under this section nor did the judge refer to the section as basis for his ruling.

Our rules were largely adopted from the federal rules of civil procedure. In Wright & Miller, Federal Practice and Procedure: Civil, § 1309, p. 441, it is pointed out that in libel and slander suits the time and place of a particular publication of the alleged defamatory matter should be specifically stated in the complaint. The opposing party ought to be informed of this information to enable him to frame an adequate answer raising applicable defenses based on the statute of limitations and other principles. It is further stated:

"If specific allegations of time and place are required or desirable but none are pleaded, courts generally will grant a motion for a more definite statement and give a party a reasonable length of time to cure the defect rather than dismiss the complaint. Usually, the court will dismiss only upon a failure to cure the defect within the allotted period." (Id. § 1309, p. 442.)

The new rules of civil procedure did not change the reasons for requiring a definite statement in libel and slander actions. It is desirable to determine each specific incident which gives rise to an action. In this case thirteen separate slanderous statements were alleged. The name or names of those to whom the statements were made were not given. A slander involves only one act, the speaking of words and the hearing and understanding of them by third persons. Each such instance gives rise to a distinct claim. (50 Am. Jur. 2d, Libel and Slander, § 404, pp. 924, 925.) Under the pleadings, the deposition and the memorandum furnished by plaintiff it was impossible for the defendant to determine whether he was called upon to defend against 13 separate acts of slander involving 13 separate third persons or one act of slander consisting of the speaking of thirteen statements to one or more third persons at one time and place.

We see no good reason to change the rules stated in *Haag* and *Stidham*. Fairness to the defendant would seem to require that this information be made available to him to prepare his defense. We hold a petition for libel and slander must set forth the alleged defamatory words spoken or published, the names of those persons to whom they were spoken or published and the time and place of their publication.

When a petition for slander or libel fails to set forth the necessary information as stated in Syl. ¶ 2 of this opinion and the plaintiff fails to comply with an order of the court for a more definite statement the action may be dismissed or a summary judgment may be entered in favor of defendant on those separate counts for which the necessary information is not given.

In the present case the motion for summary judgment had the effect of a motion for a more definite statement authorized by K. S. A. 1975 Supp. 60-212 (e) in that plaintiff was directed to furnish the necessary information within 15 days after the order on the renewed motion for summary judgment. An examination of both the plaintiff's deposition and the memorandum indicates that plaintiff failed or refused to disclose this necessary information. The judgment for defendant was proper as to the claim or claims of slander.

However, we are of the opinion that judgment for the defendant on the claim of libel cannot rest on these same grounds for there was adequate disclosure as to the claim of libel. The federal cases indicate that it is proper to dismiss particular claims or issues for which discovery or a definite statement is required but not furnished. However, to go beyond this and bar a party on claims or issues unrelated to the discovery order or the order for a definite statement is an abuse of discretion. (*Hovey v. Elliott,* 167 U. S. 409, 42 L. Ed. 215, 17 S. Ct. 841; *Hammond Packing Co. v. Arkansas,* 212 U. S. 322, 53 L. Ed. 530, 29 S. Ct. 370; see also Wright & Miller, Federal Practice and Procedure: Civil, § 2283, pp. 763, 764.) The authority of a trial court to impose sanctions should be exercised no more drastically than is actually required to protect the rights of the other parties. (*Diaz v. Southern Drilling Corp.,* 427 F. 2d 1118, 1127 [5th Cir. 1970], cert. den. 400 U. S. 878, 27 L. Ed. 2d 115, 91 S. Ct. 118.)

The defendant-appellee seeks to uphold the summary judgment on the libel claim because he claims the filing of the complaint with the Board of Education was absolutely privileged. He contends that, since the complaint was filed with the Board of Education and led to a hearing and determination that the charges were true, the matter cannot again be litigated. The appellee relies on *Clear Water Truck Co., Inc. v. M. Bruenger & Co., Inc.,* 214 Kan. 139, 519 P. 2d 682, for this claim of absolute privilege. We do not believe that the issues here presented could have been determined by the school board.

The complaint filed with the board concerned the tenure of the plaintiff, a public school employee. The hearing before that board resulted in a finding that the plaintiff was guilty of unprofessional acts and unbecoming conduct "as alleged in the complaint." An order that plaintiff be reprimanded was issued.

In the *Clear Water Truck Co., Inc.,* case the claim of absolute privilege was based upon an allegedly libelous statement under oath filed in a proceeding before the Interstate Commerce Commission. The libelous statement was obtained and filed in connection with a motion to reopen a hearing on application for a carrier's permit. The libelous statement was in the form of an affidavit of a third party asserting that previous testimony obtained by the plaintiff at the hearing was false. This court determined that the so-called libelous material was published "in office", or in other words was published by a litigant in a quasi-judicial proceeding before the Interstate Commerce Commission. We believe appellee's reliance upon the above case is misplaced.

Absolute privilege is recognized in cases where the public service or the administration of justice requires complete immunity as in legislative, executive or judicial proceedings, the occasion for the immunity being not so much for those engaged as for the promotion of the public welfare. See *Munsell v. Ideal Food Stores,* 208 Kan. 909, 920, 494 P. 2d 1063, and *Stice v. Beacon Newspaper Corporation,* 185 Kan. 61, 64, 340 P. 2d 396.

We do not believe that a hearing before a local school board on a complaint filed by a patron against a public school employee which results in administering a reprimand to the employee can be considered a quasi-judicial proceeding as defined in *Clear Water Truck Co., Inc. v. M. Bruenger & Co., Inc.,* supra, and other Kansas cases.

So it becomes necessary to determine the nature and effect of the privilege which existed in the present case in order to determine what issues, if any, may have remained unresolved.

Owing to the public nature of the teaching profession a teacher is not entirely exempt from criticism and comments concerning a teacher's professional life are regarded as qualifiedly or conditionally privileged. (See *Ebaugh v. Miller,* 127 Kan. 464, 274 Pac. 251.) A public school teacher is considered to be in the area of public employment. (See *Wertz v. Southern Cloud Unified School District,* 218 Kan. 25, 542 P. 2d 339.) There is a public interest involved in school matters and patrons have a common interest

and duty in the premises. Acting in good faith they may petition a school board relating to the qualifications and tenure of a public school teacher and the preparation and filing of the complaint enjoys a qualified privilege. (50 Am. Jur. 2d, Libel and Slander, § 205, pp. 713, 714.) On the other hand, a publication about a private individual not in the public sector may not enjoy a qualified privilege. (See *Gobin v. Globe Publishing Co.*, 216 Kan. 223, 531 P. 2d 76.)

Ordinarily a publication is qualifiedly or conditionally privileged if it is made under circumstances and in a manner which repel, preclude or rebut the inference of malice arising prima facie from a statement prejudicial to the character of the plaintiff. (*Faber v. Byrle*, 171 Kan. 38, Syl. ¶ 5, 229 P. 2d 718, 25 A. L. R. 2d 1379; *Munsell v. Ideal Food Stores*, supra, at p. 920.)

The determination of whether a conditional privilege exists is a question of law to be decided by the court when the facts upon which such a determination must stand are undisputed. (*Faber v. Byrle*, supra, Syl. ¶ 4.)

So what is the effect of such a determination once it has been made? In this jurisdiction there is no liability on a conditionally privileged communication absent the existence of actual *malice* and in such a case the burden of proof is on the plaintiff to establish *malice*. (*Faber v. Byrle*, supra, Syl. ¶ 6.)

In *Kennedy v. Mid-Continent Telecasting, Inc.*, 193 Kan. 544, 394 P. 2d 400, this court commented on the case of *New York Times Co. v. Sullivan*, 376 U. S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710, saying the decision did not require any change in Kansas law. This latter statement was based upon the holding of this court in *Coleman v. MacLennan*, 78 Kan. 711, 98 Pac. 281, where it is said:

". . . In such a case the occasion gives rise to a privilege, qualified to this extent: any one claiming to be defamed by the communication must show actual malice or go remediless. This privilege extends to a great variety of subjects, and includes matters of public concern, public men, and candidates for office." (p. 723.)

In the recent case of *Cantrell v. Forest City Publishing Co.*, 419 U. S. 245, 42 L. Ed. 2d 419, 95 S. Ct. 465, it is said:

". . . As so defined, of course, 'actual malice' is a term of art, created to provide a convenient shorthand expression for the standard of liability that must be established before a State may constitutionally permit public officials to recover for libel in actions brought against publishers. As such, it is quite different from the common-law standard of 'malice' generally required under

state tort law to support an award of punitive damages. . . ." (pp. 251, 252.)

Proof of actual malice in defamation actions when a conditional privilege is found to exist requires a plaintiff to prove that the publication was made with knowledge that the defamatory statement was false or with reckless disregard of whether it was false or not. (*New York Times Co. v. Sullivan,* supra; *Kennedy v. Mid-Continent Telecasting, Inc.,* supra; and *Coleman v. MacLennan,* supra.)

In the petition filed in our present case a conditional privilege attached owing to the public interest in school matters. It was necessary for the plaintiff to allege that the publication was false and that it was prompted by malice on the part of the defendant. These allegations were made by plaintiff. The defendant denied they were false and denied they were prompted by malice. It appears that there do remain genuine triable issues of material fact and that defendant was not entitled on the record to a judgment as a matter of law. (See K. S. A. 60-256 [*c*], and *Bud Jennings Carpets & Draperies, Inc. v. Greenhouse,* 210 Kan. 92, 499 P. 2d 1096.) Regardless of the difficulty of proof in this case of a conditionally privileged publication, the plaintiff should be afforded an opportunity to prove the publication was made with knowledge that the defamatory statement was false or made with reckless disregard of whether it was false or not.

That part of the district court's order entering summary judgment in favor of defendant on the claim or claims of slander is affirmed. The part of the district court's order entering summary judgment in favor of defendant on the claim of libel is reversed and the case is remanded for further proceedings in accordance with the opinions expressed herein.