Michael RICKMAN, Plaintiff,

v.

CONE MILLS CORPORATION; Cone Mills Marketing Company; Ben Sampson; Donald W. Tesher; and Richard Vetack, Defendants.

Civ. A. No. 85-2432-0.

United States District Court, D. Kansas.

Dec. 12, 1989.

---

John B. Gage, II, Overland Park, Kan., for plaintiff.

Frank Saunders, Jr. and Dana M. Harris, Wallace, Saunders, Austin, Brown and Enochs, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendants' motion styled "Motion for Determination of Issues Set Forth in Defendant's Motion for Summary Judgment That Were Not Determined by the Court's Original Order."[1] The issue which defendants request this court to determine is whether plaintiff's claims for defamation are barred by the Kansas one-year statute of limitations, K.S.A. 60–514. For the following reasons, the court finds that certain of these claims are time-barred and grants defendants' motion in part. Further, be-

---

**1.** The court proceeds to treat this motion as one for partial summary judgment.

cause the court feels that oral argument would not be of material benefit in the determination of this issue, the court denies plaintiff's motion for same pursuant to Local Rule 206.

Plaintiff originally brought this diversity action in August 1985, following his involuntary termination from employment as Regional Sales Manager for defendant, Cone Mills Marketing Company. Although, at the time of his termination, plaintiff had executed a release covenanting not to sue his employers, plaintiff claimed his execution of the release had been procured by fraud. Specifically, plaintiff's Third Amended Complaint alleged claims for misrepresentation, conspiracy to defraud, breach of contract, defamation, outrage, intentional infliction of emotional distress, false light invasion of privacy, wrongful discharge and violation of 29 U.S.C. § 1140 for interference with an employee benefit plan.

On March 19, 1987, this court granted defendants' motion for summary judgment on all claims, holding that, even if the release had been procured by the defendants' fraud, plaintiff had ratified the release by accepting benefits thereunder. *Rickman v. Cone Mills Corporation*, 659 F.Supp. 412 (D.Kan.1987). Subsequently, the Tenth Circuit reversed and remanded, holding that under Kansas law a plaintiff may accept the benefits obtained under an alleged fraudulently induced release, by waiving rescission, affirming the contract and suing for fraud as a separate cause of action. *Rickman v. Cone Mills Corporation*, 893 F.2d 1340 (10th Cir.1989). The Tenth Circuit also held that intent is an element of ratification and that, here, the plaintiff's intent to ratify was a disputed issue of fact, precluding summary judgment. *Id.*

Thereafter, defendants filed the instant motion, asking the court to decide the issue, raised in their original motion for summary judgment, of whether certain defamation counts alleged in plaintiff's third amended petition were time-barred. When considering a motion for summary judgment, we must examine all evidence in the light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir.1988). If the moving party bears the burden of proof at trial, he must show, through pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c). If the moving party does not bear the burden of proof, he must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). This burden is met when the moving party identifies those portions of the record demonstrating an absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553.

If the moving party meets his requirement, the burden shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The trial judge then determines whether a trial is needed— "whether, in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511. The facts for purposes of this motion are as follows:

Plaintiff was employed by defendant Cone Mills Marketing Company (Cone Mills) from June 1, 1970, until July 1984, at which time he was involuntarily terminated. In April 1984, plaintiff had been promoted to Regional Sales Manager. Two months after his promotion, plaintiff admitted himself into an alcohol recovery unit for treatment. On July 2, 1984, defendants Donald Tesher and Richard Vetack, both vice-presidents of Cone Mills, visited plaintiff at the recovery unit and informed plaintiff that the Lee Company, plaintiff's and Cone Mill's main customer, had requested that plaintiff be removed from the Lee account. Plaintiff was instructed not to contact the Lee Company to obtain further information.

On July 12, 1984, Tesher and Vetack again met with plaintiff and asked him to sign a termination release letter containing the following language: "This will confirm our meeting . . . in which you were advised that the Lee Company, one of our two largest customers, has *required* you to be taken off their account and not call on them." (Emphasis added.) In consideration for various termination benefits, plaintiff agreed "knowingly and voluntarily" to "release and covenant not to sue Cone Mills Corporation, its officers, directors, employees, divisions, and successors from any claims arising out of [his] employment."

In September 1984, plaintiff learned that defendants' statement that the Lee Company had requested that he be taken off the Lee account was false. He alleges that he learned from various Lee employees that defendants had misrepresented Lee's position in order to terminate him. Plaintiff filed this action eleven months later on August 21, 1985.

Plaintiff's defamation claims center upon two statements allegedly made by defendants: (1) that the Lee Company had required defendants to remove plaintiff from the Lee account due to his alcohol problem [the Lee statement] and (2) that plaintiff had checked himself into the rehabilitation unit not to receive treatment, but to avoid termination [the treatment statement]. The parties agree that the controlling statute of limitations for defamation claims is one year, K.S.A. 60–514.[2] Defendants contend that strict application of this limitation period bars all plaintiff's defamation claims.[3] Plaintiff argues, however, that by application of the equitable doctrine of fraudulent concealment and the doctrine of relation back, Rule 15(c), Fed.R.Civ.P., all of the counts are timely.

We first address plaintiff's fraudulent concealment argument. The harshness resulting from the literal application of a particular statute of limitations has been avoided by judicial recognition of certain exceptions. Kansas has recognized one of these exceptions, the doctrine of fraudulent concealment, which operates as an equitable doctrine to estop a defendant from asserting a statute of limitations when he has, either by deception or by a violation of duty, concealed from the plaintiff material facts, thereby preventing the plaintiff from discovering a potential cause of action. *See Friends University v. W.R. Grace Company*, 227 Kan. 559, 564, 608 P.2d 936, 941 (1980), *quoting* 51 Am.Jur.2d, *Limitation of Actions*, § 148, pp. 719–21.[4] To constitute concealment of a cause of action, the concealment must be fraudulent and intentional and, absent a confidential or fiduciary relationship, the defendant must have performed an affirmative act of concealment or misrepresentation designed to prevent, and which does prevent, the

---

**2.** K.S.A. 60–514 provides in part:

The following actions shall be brought within one (1) year. (1) An action for libel or slander.

**3.** Plaintiff's original complaint filed on August 21, 1985, contained two counts of defamation. (Counts III and IV). Plaintiff alleged that defendant, Ben Sampson, defamed plaintiff by stating to David Fraser that the Lee Company had asked that plaintiff be removed from their account. In Count IV, plaintiff alleged that defendants Tesher and Vetack defamed plaintiff by stating to physician and/or nurses that plaintiff had requested treatment not for rehabilitation purposes but to avoid being fired. As to each count, plaintiff alleged that each statement was republished on numerous occasions.

Subsequent amendments of plaintiff's complaint included additional counts of defamation, culminating in plaintiff's Third Amended Complaint which included over twenty counts of defamation. Only four of these counts, (Counts IV, V, VI and XXIV), corresponded essentially to counts contained in plaintiff's original complaint. The other counts asserted primarily republications of the statements originally alleged to be defamatory, involving new parties and new dates; however, all instances occurred in 1984, well outside the one-year limitations period.

**4.** Generally, under Kansas law, fraudulent concealment does not toll the statute of limitations unless the plaintiff's claim for relief is grounded on fraud. *See Pike v. City of Mission, Kan.*, 731 F.2d 655 (10th Cir.1984), citing *McCoy v. Wesley Hospital & Nurse Training School*, 188 Kan. 325, 362 P.2d 841, 847 (1961). Here, the plaintiff's complaint, which included claims for misrepresentation, conspiracy to defraud and fraudulent inducement, is sufficiently grounded in fraud for the doctrine of fraudulent concealment to apply.

plaintiff's discovery of the cause of action. *Id.* Any statement or act which misleads or suppresses the truth renders the concealment fraudulent. *Id.* Finally, the party seeking to toll the statute of limitations must explain why due diligence could not have led to discovery of the cause of action at an earlier date. *Id.*

█ Applying these general rules to the facts of the instant case, and viewing the facts in the light most favorable to the plaintiff as we are required to do, we find that plaintiff has raised a genuine issue of material fact as to whether defendants' instruction to plaintiff not to contact the Lee Company regarding his termination amounted to an act of fraudulent concealment. Plaintiff contends that defendants' action prevented him from immediately discovering the facts giving rise to the cause of action for defamation until he learned of the alleged falsity of the statements in September 1984. Defendants, on the other hand, have presented evidence tending to show that plaintiff was on notice of possible fraud at an earlier date. Since resolution of this issue clearly depends on the resolution of disputed facts, we find summary judgment inappropriate. *Wolf v. Preferred Risk Life Insurance Co.,* 728 F.2d 1304, 1306 (10th Cir.1984).[5]

█ We must now observe that, despite our ruling on the fraudulent concealment question, the timeliness of the majority of plaintiff's defamation claims is still at issue. Because plaintiff has conceded that he learned of the alleged defamatory character of defendants' statements in September 1984, only those defamation claims asserted in plaintiff's original petition filed in August 1985 can be considered timely. The balance of plaintiff's defamation claims, however, were initially asserted in amended complaints filed in 1986, well outside the one-year limitations period. We must now decide whether the additional claims asserted in the subsequent amended petitions are equally timely. It is plaintiff's position that the additional defamation claims are timely pursuant to Rule 15(c), Fed.R.Civ.P., which deems an amendment asserting a claim which "arose out of the conduct, transaction or occurrence attempted to be set forth in the original pleading," to relate back to the original pleading. Defendants counter that each publication of the alleged slander is a separate cause of action which precludes relating back of subsequently pleaded, separate publications. We agree.

First, we observe that under Kansas law "a slander involves only one act, the speaking of words and the hearing and understanding of them by third persons. Each such instance gives rise to a separate and distinct claim." *Schulze v. Coykendall,* 218 Kan. 653, 657, 545 P.2d 392, 396 (1976). This view alone would appear to preclude the relation back of subsequent claims.[6]

---

**5.** Because of our holding on the issue of fraudulent concealment, we do not reach the issue of whether the limitations period was tolled by the discovery provision of K.S.A. 60–513(b) or by K.S.A. 40–275. Nonetheless, regarding K.S.A. 40–275, which tolls the limitations period during the time payment is made as an accommodation to the injured party, an examination of the legislative intent behind this statute leads us to believe it is inapplicable to the facts of this case.

Further, with respect to the discovery rule, we note that while courts have applied this rule to unusual defamation cases where the alleged defamation has been of a confidential or inherently secretive nature, [*see e.g. Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.,* 61 Ill.2d 129, 334 N.E.2d 160 (1975) (alleged defamation contained in credit report); *Jones v. Pinkerton's Inc.,* 700 S.W.2d 456 (Mo.App.1985) (alleged defamation contained in confidential investigative report); *Kittinger v. Boeing Co.,* 21 Wash.App. 484, 585 P.2d 812 (1978) (alleged defamation contained in confidential business memorandum), *see also* Annot. 35 A.L.R.4th 1002 and cases cited therein], we believe defendants' statements here, made directly to the plaintiff or in his presence, to be neither confidential nor "inherently secretive." *See also Rinsley v. Brandt,* 446 F.Supp. 850, 852 (D.Kan. 1977) (rejecting applicability of the discovery accrual rule to defamation actions). Finally, we observe that even if the discovery rule were found to apply to the facts of this case, the one-year statute of limitations would only have been tolled until September, 1984, when plaintiff concedes he discovered the alleged falsity of defendants' statements.

**6.** We also find support for this view among commentators who have stated that "[w]hen plaintiff attempts to allege an entirely different transaction by amendment, as, for example, *the*

More importantly, however, we believe that allowing relation back under the facts of this case would undermine the policy behind Rule 15(c). The first sentence of Rule 15(c) enunciates the basic principle that an amended pleading alleging a new or different claim or defense will not relate back unless it arose out of the conduct, transaction, or occurrence that was set forth or was attempted to be set forth in the original pleading. The principal inquiry under Rule 15(c) is whether adequate notice has been given to the opposing party "by the general fact situation alleged in the original pleading." *See Schiavone v. Fortune*, 477 U.S. 21, 31, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986) (linchpin is notice within limitations period). An amendment will not relate back if it sets forth a new set of operational facts. Another formulation of the analysis under Rule 15(c) is whether "the adverse party, viewed as a reasonably prudent man, ought to have expected that the character of the original pleaded claim might be altered or that other aspects of the conduct, transaction, or occurrence set forth in the original pleading might be called into question." 6 Wright & Miller, *Federal Practice and Procedure*, 1989 Supp., § 1497, p. 270.

Here, plaintiff set forth in his amended petition not alterations, but new instances of defamation. While the content of the defamatory statements was the same or similar to the content of statements alleged to be defamatory in plaintiff's original petition, the new counts named new parties to whom the alleged defamatory words were published as well as new dates of publication.[7] Allowing these added claims to re-

late back would, in effect, allow the plaintiff to amend around the statute of limitations, a result clearly not contemplated by Rule 15(c).

As the majority of plaintiff's claims of factual defamation alleged in the amended petitions are not the same as the original claims and as facts other than those originally pleaded are the basis for the added claims, we hold that these claims do not arise from the "same transaction and occurrence" and are barred by the statute of limitations and not saved therefrom by Rule 15(c). *See generally Jensen v. Times Mirror Co.*, 634 F.Supp. 304, 315–16 (D.Conn.1986); *Contemporary Mission, Inc. v. New York Times Co.*, 665 F.Supp. 248, 256 (S.D.N.Y.1987), *aff'd* 842 F.2d 612 (2d Cir.1988), *cert. denied*, — U.S. —, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988).[8]

Accordingly, we hold that plaintiffs claims in counts IV, V, VI and XXIV are timely and that the claims in counts VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, and XXXII are barred by the statute of limitations.

IT IS THEREFORE ORDERED that defendants' motion for partial summary judgment is granted in part and denied in part.

---

*separate publication of a libelous statement,* or the breach of an independent contract, the new claim will be subject to the defense of statute of limitations." 6 Wright & Miller, *Federal Practice and Procedure*, § 1497 at 489–90 (emphasis added).

**7.** All of these counts involved republications of the statements alleged to be defamatory in the original complaint. Counts VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XIX, XX, XXI, XXII, and XXXII alleged new instances of publication of the Lee statement, with some modification, to various third parties in summer and fall of 1984. Counts XXIII alleged a new in-

stance of publication, with some modification, of the treatment statement. Count XVIII involved alleged defamation contained in an interoffice memorandum sent by defendant, Sampson, to defendants, Tesher and Vetack, which provided additional details regarding the basis for the Lee statement.

**8.** Although we do not reach the issue of the applicability of the discovery provision of K.S.A. 60–513(b) to defamation actions, we note that, were the discovery rule to apply in this case, the result would be the same, since the added claims were filed more than one year after the defamation had been "discovered" by plaintiff.